411 A.2d 555

**COMMONWEALTH of Pennsylvania ex rel. Rhoda ORLOW**

**v.**

**Mark ORLOW, Appellant.**

Superior Court of Pennsylvania.

Argued June 26, 1979.

Filed Oct. 5, 1979.

Henry A. Stein, Philadelphia, for appellant.

Ronald S. Sklar, Philadelphia, for appellee.

Before WIEAND, ROBINSON * and LOUIK,* JJ.

* Judge OTTO P. ROBINSON of the Court of Common Pleas of Lacka-
wanna County, Pennsylvania, and Judge MAURICE LOUIK of the
Court of Common Pleas of Allegheny County, Pennsylvania, are
sitting by designation.

LOUIK, Judge:

The present appeal was taken by Appellant husband, Dr. Mark Orlow from a November 6, 1978 Support Order. Dr. and Mrs. Orlow were married on September 2, 1961. Two children were born of the marriage; Harry Orlow, born on August 26, 1962 and Jeffrey Orlow, born February 20, 1974. The parties were separated on December 17, 1975, shortly after which a Petition for Support was filed.

On June 6, 1976, a temporary Support Order for Mrs. Orlow and the two children was entered by the lower court in the amount of $400.00 per month, plus several other expenses to be borne by Dr. Orlow. A final hearing, consisting of two days of testimony was held on April 21 and May 11, 1978, after which a very comprehensive and detailed order was entered. Appellant has appealed the Order and raises five issues as the basis of the appeal.

Appellant first asserts that the Support Order was punitive and confiscatory, placing in issue the lower court's findings of fact. In support of his position, appellant argues that the evidence shows that his yearly personal expenses are $31,392.40. His disposable income after taxes is alleged to be $38,905.00. The Support Order requires him to pay between $20,925.00 and $21,325.00 per year, which he claims leaves him approximately $18,000.00 to meet his personal expenses. More simply, it is claimed that Dr. Orlow has only two/thirds the necessary income to meet his yearly expenses and support.

The lower court found the following with regard to Dr. Orlow's available income:

"Before drafting its support order, this court undertook a comprehensive and critical review of Dr. Orlow's financial resources. Dr. Orlow is the president and owner of Mark P. Orlow Associates, a professional corporation. In 1977, as the only officer of the corporation, Dr. Orlow drew a salary of $46,200.00 and contributed an additional $15,-430.00 into the corporation's profit-sharing plan. The total corpus of the plan is $165,000.00. Dr. Orlow's share

according to his estimate is $150,000.00 (Notes of Testimony, May 11, 1978, p. 21). Also, Dr. Orlow enjoyed various corporate business expenses, such as the use of a corporate car, payment of extensive life insurance premiums, etc. An additional $6,710.00 was earned in 1977 by Dr. Orlow as an employee of the Philadelphia School District. In 1977, Dr. Orlow received $963.00 in dividends. Ownership of the house and property located at 237 Ardleigh Road, Penn Valley, Pennsylvania, is in the sole name of Dr. Orlow. Although the property where the corporation operates was originally jointly owned; subsequently the ownership was transferred to Dr. Orlow alone. Dr. Orlow testified the reason for his sole ownership of both properties was because of the precarious state of his marriage in the years 1969 and 1972. Notes of Testimony, May 11, 1978, p. 30, 21. The corporation presently pays rent into a Clifford Trust set up by Dr. Orlow which accumulates the interest for the benefit of Harry Orlow and after the trust's expiration the property will revert back to Dr. Orlow. This Court found Dr. Orlow to have a net available income after taxes of approximately $60,000.00 a year."

Such a finding is clearly within the province of the fact finder. No abuse of the court's discretion has been shown in making such a determination. On the contrary, the $60,-000.00 figure for Dr. Orlow's after tax available income seems to be perfectly logical. Therefore, it is not within the scope of appellate review.

■ If the yearly amount of the Support Order, approximately $21,000.00, is deducted from Dr. Orlow's available income, approximately $60,000.00, he is left with approximately $39,000.00, an amount in excess of his claimed personal yearly expenses. We, therefore, dismiss appellant's first contention.

■ The second issue which appellant raises is that while the lower court ruled Mrs. Orlow was not entitled to support that the amount of the award was in excess of the minor

children's support, so that the effect of the Order was to grant Mrs. Orlow's support.

An examination of the record reveals ample support for the lower court's finding with regard to the needs of the children. The figure which appellant alleges as costs paid by Mrs. Orlow for support of the children are only those paid for by check, which excludes payments for food (excluding meat). In light of Dr. Orlow's claim for himself of $100.00 per week for food in his own expenses, the difference between the expenses he claims for appellee for a six-month period ($6,170.71) and the cash amount of the Support Order ($7,800.00) or $1,629.29 can be accounted for by the cost of food alone. We, therefore, find no abuse of discretion in the lower court's determination of the needs of the minor children.

■ Appellant's third claim is that the lower court erred in requiring that all housing expenses be borne by the father while appellee is using and enjoying part of the realty and is not entitled to support. We need not decide the legal issues of whether in determining the amount of support for children, the court must reduce the amount by a percentage share equal to the use and enjoyment the spouse receives from the building. Appellant's contention that her living expenses are being borne entirely by appellant are not supported by the record. Dr. Orlow is the sole owner of the realty. Any payments on the mortgage accrue to his benefit to the extent that the payment reduces principal, and is tax-deductible to the extent that the payment represents interest payments and taxes. In addition, all of the increase in equity also accrues to his benefit. Further, except for repairs to any structural damage, it appears that Mrs. Orlow is responsible for all general maintenance of the premises, in which she has no legal or equitable title, thereby preserving, protecting or increasing the value of Dr. Orlow's property. Therefore, it appears clearly that Mrs. Orlow has responsibilities concerning her own living situation, even though they are not spelled out in terms of the portion of the premises she uses herself. The lower court, in its opinion, clearly describes the context in which it entered its Order:

"No restrictions are placed on either party, Mrs. Orlow with her two sons may choose to leave, and Dr. Orlow may request them to leave. Finally, and most importantly, the order provides Harry and Jeffrey Orlow with the shelter of a home in which they both grew up in. No utilities nor general maintenance expenses are included in the order. On the facts of this case, any benefit to Mrs. Orlow, who has custody of Harry and Jeffrey is at best indirect."
This contention by Appellant is denied.

▆▆ Appellant has raised as a fourth issue the contention that the lower court failed to consider appellee's earning capacity in arriving at the Support Order. There can be no question that it is the parents' capacity to support their children that the court must consider in arriving at an Order for Support. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). However, the lower court found, and supported in its Order, that Mrs. Orlow's earning capacity to contribute to the children's support was diminutive due to the surplus of teachers in the area, and further granted leave to appellant to come before the court and demonstrate appellee's earning ability and opportunity, either in teaching and/or any other occupation for which it could be demonstrated that she has earning ability and opportunity. Therefore, Appellant's fourth contention is denied.

▆ The Appellant's final contention is that the lower court failed to substantiate its calculation that his available annual net income was $60,00.00. Essentially appellant is raising the same basic question that he raised above in claiming the Court Order was punitive and confiscatory; that is, the court's finding of facts are in error. Alleging that the trial court failed to substantiate one of its findings does not give this court grounds to review that finding. As this court stated in *Com. ex rel. McQuiddy v. McQuiddy,* 238 Pa.Super. 390, 358 A.2d 102 (1976):

"The appellate review of support orders is very narrowly defined and upon appellate review we will not, and indeed should not, interfere with the lower court's determination, absent a very clear abuse of discretion. (citations omitted).

It is not for us to decide whether we would have made a similar order, or in fact, any order at all, but merely to determine whether the trial court is chargeable with an abuse of discretion. (citations omitted)".

As stated above, this Court sees no evidence at all that the trial court in the present case abused its discretion as the finder of fact. Therefore, Appellant's final argument is denied.

Accordingly, the order of the court below is affirmed.