471 A.2d 544

**Mary Jo REISINGER, Appellant,**

v.

**Keith S. REISINGER.**

Superior Court of Pennsylvania.

Argued March 30, 1983.

Filed Feb. 3, 1984.

224

Morton B. DeBroff, Pittsburgh, for appellant.

June S. Schulberg, Pittsburgh, for appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal is from an award of support ordering appellee, the former husband, to pay to appellant, the former wife, and their children. Appellant argues that the award should have been allocated. She also contends that, as an award unallocated as to child support and alimony *pendente lite*, it should have been based on appellee's gross, rather than net, income. On the first issue, we find that the court below did not err. As to the second issue, we find that there was an improper computation of the award and vacate and remand for computation.

## I.

The first issue presented by appellant is whether the court below erred in not allocating the award into child support and alimony *pendente lite* portions. She points out that in this unallocated form the total amount of the award is subject to her federal income tax; and the total amount of the award is not subject to his federal income tax. 26 U.S.C. §§ 71(a), (b). Had the award been allocated, she would only have to pay income tax on the alimony portion; while her former husband would have to pay the taxes on the child support portion.

The court below acknowledged that this would have that tax effect. Indeed, it states that this was precisely the reason the award was not allocated.

Certainly Wife is aware, or at least her counsel should be, that income tax in this nation is levied in a progressive fashion. In other words, the more you make, the larger the percentage of tax paid. The effect of this order is to increase the total income available to this family unit, severed though it is, and to pass the tax savings on to the children in the form of increased support. By not allocating this order, this court permits all of Husband's payments to Wife to be considered alimony as defined by Sections 71(a)(3) and 215 of the Internal Revenue Code. The effect thereby is to halve Husband's income, the only income for this family, causing each part to be taxed at a much lower percentage than the whole would be. Had this not been done, this court would have had to order a substantially smaller amount for alimony pendente lite and child support.

■ This Court has repeatedly sanctioned the non-allocation of awards for the above-stated reason. *Commonwealth ex rel. Kunkin v. Bruck*, 297 Pa.Super. 410, 443 A.2d 1187 (1982); *Commonwealth ex rel. Stanley v. Stanley*, 198 Pa.Super. 15, 179 A.2d 667 (1962); *Commonwealth ex rel. Eppolito v. Eppolito*, 245 Pa.Super. 93, 369 A.2d 309 (1976). While Pa.R.Civ.P. 1910.16 permits the allocation of an award, such allocation is not required.[1]

■ We conclude that the court below did not err in not allocating the award into child support and alimony pendente lite portions.

## II.

The second issue presented by appellant is whether an unallocated award should be based on the former husband's gross, rather than net, income. She argues that it should be based on the gross income because basing it on his net income results in a windfall to him.

1. While we recognize that the trend is to allocate such awards, there is no rule or case law which makes allocation mandatory. Therefore, we cannot say that the court below abused its discretion in not allocating the award.

In order to deal with this argument, the terms involved must be defined. The husband's gross income is just that—his total income prior to the payment of any taxes. His "net income," *as that term was used below,* means the income left after the husband pays the taxes that he would owe as a single taxpayer not paying alimony.

However, under the award, appellant would be paying alimony *pendente lite.* He would not have to pay income tax on the amount paid as alimony. This would result in his paying less income tax than the "net income" method indicates he would be paying.

Appellant's argument here is that the trial court erred in computing the alimony award based on his "net income." She accurately points out that this method results in a lower post-tax figure than the one which will actually occur under the operation of the award.

Up to this point, appellant is quite persuasive. She errs in the option she suggests be used in setting the amount of the award. Rather than his "net income," she proposes that his gross income be the determinative amount.

Appellee responds that basing the support award on his gross income could be confiscatory. This is also an accurate statement. If the amount of the award were based on appellee's gross income and then computed using tables designed to be used for "net income" figures, the resulting award could indeed be excessive and confiscatory.[2] This would contravene the rule in *Commonwealth ex rel. Orlow v. Orlow,* 270 Pa.Super. 335, 411 A.2d 555 (1979).

We are thus left with neither alternative proposed by the parties being proper. The "net income" figure advocated by appellee is factually inaccurate and the gross income figure advocated by appellant could also work an injustice. The adversary process has brought this issue to our attention. But, due to the self-serving positions propounded by each party, it is consequently our responsibility to determine what the correct process should be.

**2.** We would emphasize that it is the dissimilarity of the type of income and the type of table that results in an erroneous figure.

Following from our exposition above, we hold that the amount of an alimony award should be established taking into consideration the actual post tax net income of the payor under the award. This actual post tax net income would be determined by taking into consideration the decreased tax liability due to the tax deductible alimony.

In coming to this conclusion, we are simply applying well-established law: "... it is clear that a spouse's present expendable income, potential earning power, and property and financial resources rather than his net income, determine the reasonableness of a support order." *Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103 at 107, 380 A.2d 398 at 400 (1977). Since appellant's tax liability would decrease as a result of his alimony payments, his "expendable income" would accordingly rise. Fashioning support awards without taking into account their tax consequences amounts to making calculations based on false data.

Therefore, we remand for the award to be set in accordance with the factor announced herein.

## Conclusion

The order of the court below awarding support is vacated and remanded for recomputation in accordance with Section I of this opinion.