613 A.2d 20

Joann McAULIFFE

v.

John McAULIFFE, Appellant.

Superior Court of Pennsylvania.

Argued July 29, 1992.

Filed Sept. 16, 1992.

40

Emil W. Kantra, II, Allentown, for appellant.

Michael R. McFarlin, Allentown, for appellee.

Before MONTEMURO, FORD ELLIOTT and CERCONE, JJ.

MONTEMURO, Judge.

This is an appeal from an order affirming the order of support entered against appellant in the amount of $1,840.00 per month. Appellant raises three issues on appeal:

1. Did the lower court commit an error of law or abuse of discretion in failing to recognize the actual expenditures for equipment or cost of equipment acquired during the 1990 calendar year by McAuliffe Asphalt Paving, Inc. in determining whether there was a change in Mr. McAuliffe's financial circumstances justifying a modification of the order of support entered against him;

2. Did the lower court commit an error of law or abuse of discretion in attributing interest income to Mr. McAuliffe on account of indebtedness owed to him by McAuliffe Asphalt Paving, Inc. when no interest income was in fact received and retained by him in prior calendar years when payments designated as interest were returned immediately to the corporation; and

3. Did the lower court commit an error of law or abuse of discretion in failing to recognize bad debts written off by McAuliffe Asphalt Paving, Inc. in determining whether or

not a change in Mr. McAuliffe's circumstances occurred justifying a modification of the order of support.

For the reasons set forth below, we affirm [1].

On February 11, 1988, after approximately three years of marriage, appellee-wife and appellant-husband separated. Thereafter, on February 17, appellee filed a complaint for the support of herself against appellant. On May 16, 1990, the trial court ordered that appellant pay $3,200.00 per month for the support of appellee. Subsequently, on June 20, 1990, appellant filed a Petition for Modification of the Support Order. The court granted the petition, and on January 17, 1991 the court modified the support order and ordered appellant to pay $1,840.00 per month for the support of appellee. Once again, on February 1, 1991, appellant filed another Petition for Modification alleging that the prior order was based on his 1989 personal and corporate federal income tax returns, and that his current economic position has changed substantially. After a hearing, the trial court entered an order on October 22, 1991, affirming the January 17, 1991 order of support. This appeal follows.

Initially we note that our scope of review from an order awarding support is very narrow. We can reverse a support order only if we find that the order cannot be sustained on any valid ground. *Shovlin v. Shovlin*, 318 Pa.Super. 516, 465 A.2d 673 (1983). The decision of the trial court will not be reversed absent an abuse of discretion or an error of law. *Prozzoly v. Prozzoly*, 327 Pa.Super. 326, 475 A.2d 820 (1984). Where the trial court finds that claims of reduced income are simply not credible, a reviewing court will generally not disturb this determination on appeal. *Cunningham v. Cunningham*, 378 Pa.Super. 280, 548 A.2d 611 (1988). Additionally, to prove that a modification of an order of support is warranted, a

1. Appellee claims that the instant appeal is interlocutory and should be dismissed because an award of alimony pendente lite constitutes an interim order which is not appealable. While this is a correct statement of the law, it is not applicable in this case. Here, appellant is appealing an order of support which was awarded after appellee filed an independent complaint in support. Such an award is appealable within thirty days pursuant to Pa.R.C.P. 1910.11 and 1910.12. *Ritter v. Ritter*, 359 Pa.Super. 12, 518 A.2d 319 (1986).

party must demonstrate that a material change of circumstances has occurred since the date of the entry of the order for which modification is sought. *Commonwealth v. Vogelsong,* 311 Pa.Super. 507, 457 A.2d 1297 (1983).

 Appellant's first claim of error is that the trial court erred in failing to recognize cash outlays for equipment acquired during the 1990 calendar year by McAuliffe Asphalt Paving, Inc. in determining whether there was a change in his financial circumstances justifying a modification of the order of support entered against him. Appellant is a self-employed paving contractor and the sole shareholder of McAuliffe Asphalt Paving, Inc. He asserts that a substantial increase of cash outlays for equipment in his business from $66,046 in 1989 to $201,894 in 1990 justify his dramatic decrease in income in 1990 and therefore, he argues that he is entitled to a reduction in support. The trial court, however, found that appellant did not prove that the cash outlays were necessary for the business, and therefore found that appellant was not entitled to a support reduction on this ground. We agree.

 It is well settled that to determine the financial responsibilities of the parties to a dissolving marriage:

income must reflect actual available financial resources and not the oft-times fictional financial picture which develops as the result of depreciation deductions taken against ... income as permitted by the federal income tax laws. Otherwise put, "cash flow" ought to be considered and not federally taxed income.

*Cunningham v. Cunningham, supra,* 378 Pa.Superior Ct. at 282, 548 A.2d at 612–613. Depreciation and depletion expenses that are allowed under federal income tax law will not automatically be deducted from gross income for the purpose of determining support responsibilities. *Id.* Rather

depreciation and depletion expenses should be deducted from gross income only where they reflect an actual reduction in the personal income of the party claiming the deductions, such as where, e.g., he or she actually expends funds to replace worn equipment or purchase new reserves.

44

*Id.*, 378 Pa.Superior Ct. at 282, 548 A.2d at 613. Furthermore, the "new reserves" contemplated above should not be read to mean an allocation for future expenditures or the expansion of a party's business. To the contrary, the cash outlays for "new reserves" must be necessary for the continued operation and smooth running of the business. *Id.* As this court has previously stated

> To allow husband to shield substantial income of his business from consideration in determining his support obligation without more evidence as to a legitimate need to do so would allow spouses with support obligations to evade their obligations by unilaterally reducing their income. This is obviously impermissible under Pennsylvania law.

*King v. King*, 390 Pa.Super. 226, 568 A.2d 627 (1989).

Here, appellant, on his 1990 federal tax return, reported expenditures for new equipment in the amount of $201,894.00. Appellant also claimed depreciation for equipment in the amount of $98,836.00. At the hearing, appellant testified that all of the purchases were necessary to replace worn equipment or to preserve the capital of the business. Appellant introduced a list of the equipment he purchased in 1990 and a list of the equipment he retired or sold in 1990. After the hearing, wherein appellant was the only person to testify, the trial judge determined that appellant did not meet his burden of proving that the recent discretionary cash outlays for equipment were necessary for the business at that time. In making this determination, the trial court assumed that at least $99,836.00, the amount that appellant claimed in depreciation, was spent to replace fully depreciated equipment or to otherwise preserve and maintain the business. By making this assumption, the trial court actually made appellant's burden of establishing that all of the cash outlays were necessary easier. However, even with this assumption, the trial court found that appellant did not meet his burden of proving that the expenditures were necessary to maintain or preserve his business. The trial court had the benefit of receiving appellant's testimony, and therefore was in the best position to determine his veracity. The court was not compelled to accept as true all of appellants statements, but was

permitted to make its own deductions from the evidence and accompanying circumstances. *Williams v. Williams,* 175 Pa.Super. 409, 104 A.2d 499 (1954). Finding no abuse of discretion with the trial court's determination, we affirm this finding.

■ Appellant's second argument on appeal is that the trial court erred in attributing interest income to appellant on account of indebtedness owed to him by McAuliffe Asphalt Paving, Inc., when no interest income was in fact received by him during the 1990 calendar year. Throughout the existence of his business, appellant has contributed money to the corporation in the form of loans. Historically, the corporation would, in turn, issue appellant an interest check due on the indebtedness each year to satisfy requirements of the Internal Revenue Service. Appellant would then immediately remit this check back to the corporation resulting in an increase in indebtedness between the corporation and himself. In 1990, however, appellant testified that his accountant advised him to reclassify the loans made to the corporation as contributions of capital so that the corporation would no longer be obligated to pay interest on the indebtedness. This new classification also worked to decrease appellant's federal income tax liability and, according to appellant, his available cash flow. Thus, appellant claims that his support obligation should be modified. We disagree.

■ As discussed above, a support order will only be modified if the moving party can demonstrate a material change in financial circumstances significant enough to warrant a modification. *Commonwealth v. Vogelsong, supra.* In determining whether the financial circumstances have changed, we must consider the actual cash flow of the party. *Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562, 429 A.2d 665 (1981). Here, the only change in circumstances is the reclassification of the money appellant gave to his corporation. As stated by appellant, he never used the interest paid to him by the corporation, but merely put the money back in the company in the form of more loans. Thus, appellant testified that he was actually taxed on this money which he never had the benefit of

using. Additionally, the corporation would take interest deductions on its corporate income tax in an equal amount to the money being paid to appellant. With the new classification, appellant is no longer being taxed on the interest payments to which he claims to have never received. Thus, in actuality, appellant would have more cash available to him since he is no longer liable on his personal income taxes for this interest income. Furthermore, the reclassification of the loan payments to capital contributions serve to increase appellant's basis in the corporate stock and, therefore, he will receive his return on these contributions when he liquidates the business. Accordingly, we find that the trial court did not err in refusing to find a change of circumstances due to appellant's reclassification of corporate loans.

■ Finally, appellant argues that the lower court erred in failing to recognize bad debts written off by McAuliffe Asphalt Paving, Inc. in determining whether or not a change in appellant's circumstances occurred justifying a modification of the order of support. Here, at the hearing, appellant testified he wrote off approximately $39,554.00 for bad debts in 1990. As a result, appellant argues that there was a change in his financial circumstances sufficient enough to warrant a modification of the support order. We disagree.

As stated above, appellant bears the burden of proving the change of circumstances sufficient to warrant a modification. Here the only evidence appellant presented with respect to the bad debts was his own testimony. At the hearing, appellant testified as follows:

American Paving, they just said they couldn't pay, and they weren't doing any work. We couldn't collect. CMV Associates, they filed bankruptcy. Cilla's Trucking, they filed bankruptcy. Brian Danner, he, he just, the trucking business, he's a trucker, he said he just couldn't pay. We sold him fuel. F & K Construction, we can't find him. Gold Metal Construction, it was minor. Jancosky and Son, he gave us a bad check. We hadn't, we didn't, weren't able to find him. Lee Contracting went out of business. Kenneth Marcks gave us a bad check, which we're still trying to

collect. Timothy Marcks, he couldn't pay. Albert Perry gave us a bad check. Patricia Peterson gave us a series of bad checks. Ron Procak is a contractor, a hauling contractor, he couldn't pay his fuel bill. Robin Concrete filed bankruptcy. Rocky's Blacktop, we can't find him. Gerald Samer gave us a bad check. T & K Hauling, he was in jail. Keith Dieterly, he just couldn't pay us. F & K is also on the bottom, we couldn't find him. Konesky Construction, he can't pay. Lazawicky, can't pay. Lee Martin Discount, same thing. Miscavage, we have a judgment against him which we can't collect. Oakwood, we have a judgment against him. We can't collect. Gerald Samer, that's only $10.00. Yvonne Shelly, she has paid that $121.00 since. Zeiner Construction, he filed bankruptcy.

No testimony was given as to how appellant attempted to collect these debts. He did not testify as to how or if he tried to locate the debtors or to put them on notice of his claims. He did not mention if he attempted to file proof of claims against any of the bankrupt debtors or if he had obtained judgments prior to any of the bankruptcy filings. Simply put, appellant failed to meet his burden of proof in establishing that these debts were actually bad debts and that they changed his financial circumstances. As the trial court found, even in spite of these alleged bad debts, appellant was able to report increased revenues for 1990. Thus, without additional proof that these debts were and will remain uncollectible, appellant's financial condition cannot be said to have changed materially. Accordingly, we affirm the order of the trial court.

Order affirmed.