636 A.2d 1172

**Joyce E. LEHMAN, Appellee,**

**v.**

**Thomas L. LEHMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1993.

Filed Jan. 27, 1994.

Kenneth C. Sandoe, Myerstown, for appellant.

Keith L. Kilgore, Lebanon, for appellee.

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

CAVANAUGH, Judge:

Did the trial court err in finding that monthly installment payments made for the purchase of a business are not deductible in calculating husband's net income?

The appeal is from an order of spousal support. Husband and wife were married in 1953 and separated in 1992. In 1989, husband purchased two related business enterprises for $450,000. He and his wife signed a promissory note for $350,000. (reduced to about $295,000. at the time of hearing in September, 1992). The procedure devised to pay this obligation was to deduct a biweekly sum from husband's paycheck from the corporation to be paid to the seller of the businesses. The note is recorded by a lien on the parties' former residence, now occupied by wife. The payments are for stock in the two businesses which is owned by husband. The trial court, agreeing with the hearing officer, found that the installment payments were not deductible in calculating the net income of the husband.

Appellant's argument is that "income" may be equated to cash flow and that the sums paid here for the purchase of the businesses are not available to husband for support payments. It is argued that since wife signed the promissory note she would be deprived of any support if husband lost the businesses and consequently his cash stream.[1]

We agree with the trial court. While net income does not include taxes and other mandated deductions, 23 Pa.C.S.A. 4302, this is far different from the adoption of a convenient payment plan for the purchase of a business by the husband and to be owned by him. Nor, may this payment scheme be fairly seen as a deduction from net "income from business" as provided under Pa.R.C.P. 1910.16–5(b)(2). More pertinently, 1910.16–5 provides that *only* certain taxes and other payments commonly seen as a cost of gainful employment may be subtracted from gross income in the determination of net income. Payments for purchase of the employing business is clearly not contemplated in this category of expense. The fact that wife agreed to sign the judgment note where husband purchased the business for himself, cannot in any way be interpreted to place husband's payments for his business as a form of mortgage payment for the parties' former marital residence. Pa.R.C.P. 1910.16–5(g).

Order affirmed.

---

1. *McAuliffe v. McAuliffe, 418* Pa.Super. *39*, 613 A.2d 20 (1992) a case cited by appellant and one which we look to for a clear statement of our present scope of review, is in fact no solace to appellant's argument as the *McAuliffe* case is, in part, grounded on the concept that one may not construct business income in such a way as to create a form of self-impoverishment to evade support obligations.