663 A.2d 768

**Bonnie Z. HOLLAND, Appellee,**

v.

**Clarence A. HOLLAND, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued May 9, 1995.

Filed Aug. 16, 1995.

252

Robert M. Davison, Bethlehem, for appellant.

Nancy P. Wallitsch, Allentown, for appellee.

Before OLSZEWSKI, HUDOCK and FORD ELLIOTT, JJ.

OLSZEWSKI, Judge:

Appellant Clarence Holland (husband) appeals an order of support entered in favor of Bonnie Holland (wife) and the couple's two minor daughters. For ease of discussion, we re-order husband's four allegations of error.

■ Husband disputes the ruling ordering him to pay $455 per month, in addition to his child support obligation, for expenses associated with his eldest daughter's equestrian activities. Husband argues that such expenses have already been accounted for in the guidelines calculations; in the alternative, he complains that he is being forced to subsidize a luxury activity.

As to the factual question of whether the activities at issue were necessary to the daughter's well-being, we note that husband chose to present no evidence on this point at trial. As the record supports the trial court's determination that these activities were necessary, we will not disturb that determination on appeal.

■ In its opinion, the trial court refers to Rule 1910.16–5($l$ ), which states in relevant part:

> The support grids do not take into consideration expenditures for private school tuition, summer camp or other needs of a child which are not specifically addressed by the guidelines. If the trier of fact determines that one or more such needs are reasonable, the expense thereof shall be borne by the parties in reasonable shares.

Like the examples cited in this rule, the daughter's equestrian activities represent a significant unusual expense that is nevertheless important to the well-being of the child. We therefore find no abuse of discretion in the court's determination that the activities at issue constituted such "other needs," and affirm the ruling below on this point.

Husband then argues that the court erred in judging his income to be $9,559 per month. Husband claims that wife in essence stipulated to his level of income at the start of the hearing, by failing to object when the court stated that "[w]e are … ready, I think, to agree in terms of what the income level should be in terms of utilizing the guidelines and I think that figure is $9,100.00 net a month for Doctor Holland." N.T. (Jan. 3, 1994) at 3. Husband cites no authority to support his interpretation of a "stipulation." We note that his assertion is also contrary to fact, as the hearing which followed the court's

statement focused mainly on husband's level of income. We therefore reject this meritless claim.

■ Husband also alleges that the court erred in failing to deduct certain expenses in calculating the amount of husband's income that was available for support. Among these claimed expenses are depreciation, automobile costs and insurance premiums, and the premium for husband's malpractice insurance. With regard to the depreciation expense husband claims, we find that the relevant case law clearly establishes that depreciation may be deducted from income only if it represents actual cash outlay. *See, e.g., McAuliffe v. McAuliffe,* 418 Pa.Super. 39, 42–46, 613 A.2d 20, 22–23 (1992); *Cunningham v. Cunningham,* 378 Pa.Super. 280, 281–84, 548 A.2d 611, 612–13 (1988), *alloc. denied,* 522 Pa. 576, 559 A.2d 37 (1989). As for the other claimed expenses, we note that husband chose to present no evidence at trial on this issue or, indeed, on any other. We find that the record supports the trial court's assessment, and affirm on this point as well.

■ Husband's next claim concerns the court's division of the $4,633 monthly support award into separate amounts allocable to wife ($2,392) and the children ($2,041).[1] The court used the guidelines to determine the total amount of support payable, but did not adjust the award upon allocation. Husband claims that the court's failure to adjust the award was error, basing his argument on the following language from Rule 1910.16–5(f): "if an order is to be allocated, an adjustment shall be made to the award giving consideration to the federal income tax consequences of an allocated order as may be appropriate under the circumstances."

■ Rule 1910.16 provides that a court may make an unallocated award in favor of spouse and children, or may in the alternative divide the award into amounts allocable to the spouse and to each child. While the entire amount of an unallocated award is taxable as income to the recipient spouse, the child support portion of an allocated award is taxed instead to the payor. Therefore, the tax consequences of the

1. The other $200 was allocated to arrearages.

decision to allocate may affect both how much of an award the obligor can pay, and how much of the award is actually available to the recipients for support. *See Coffey v. Coffey*, 394 Pa.Super. 194, 200–04, 575 A.2d 587, 590–91 (1990); *Reisinger v. Reisinger*, 324 Pa.Super. 223, 224–27, 471 A.2d 544, 545–46 (1984).

Tax concerns are more likely to be significant when the parties are in higher income brackets. "Consequently, in certain situations an award only for the children will be more favorable to the obligee than an award to the spouse and children. In this situation, the trier of fact should utilize the guidelines which result in the greatest benefit to the obligee." Pa.R.C.P., Rule 1910.16–5(f).

Husband claims that the court erred in considering "the greatest benefit to the obligee" because the award allocated to the children ($2,041) was still less than the amount that would have remained after taxes if the total support award ($4,433) had been unallocated. As wife has no other income, husband's calculation seems correct. Under his interpretation of Rule 1910.16–5(f), however, a court could consider the benefit to the obligee only in cases where the tax burden would completely destroy what would be the spousal portion of the unallocated award. The rules clearly did not intend such a nonsensical result. Closer examination of husband's argument reveals that it is based on a misreading of the rule, which considers "*an* award only for the children," and not, as husband argues, "*the* award only for the children."

One potential benefit of allocation is to increase the total income available to the family unit, and we have recognized a trend toward allocation. *See Reisinger*, 324 Pa.Super. at 224–27, 225 n. 1, 471 A.2d at 545–46, 546 n. 1. Allocation also permits the court to determine more easily whether modification of a support order is warranted. Pa.R.C.P., Rule 1910.16, explanatory comment—1994. Moreover, Rule 1910.16–5(f) clearly indicates that an adjustment upon allocation is mandatory only when "appropriate under the circumstances." Husband fails to demonstrate that the court abused its discretion in this instance, and we will not disturb the ruling below.

Husband next claims that the court erred in the way it accounted for the fact that while the parties share custody of one of their two children equally, wife has sole custody of the other. The judge first calculated each party's responsibility for the child in joint custody, and then calculated husband's responsibility for the support of wife and the child in her sole custody. We find that this formula was inappropriate given wife's lack of other income, and vacate and remand for a recalculation of the child support award.

In deriving his formula, the trial judge followed Rule 1910.16–5(h), which addresses the calculation of support awards when custody of the minor children is divided or split. In essence, this rule instructs the court to determine each party's obligation for the period of time during which the other exercises custody, and then to subtract the smaller obligation from the larger in order to determine the award to be assessed against the payor.

The rule expressly cautions, however, that "[t]he procedure should not necessarily be followed where one party's income is minimal and the other party's income is significantly greater." The reason for this admonition, as the rule explains, is that in such a case the party with the lower income is not contributing to the other's support of the child, a result that is "inequitable." As the formula which the trial court applied has the forbidden result in this case, the award as calculated is erroneous and cannot stand.

On remand we instruct the court instead to apply Rule 1910.16–5(j), which addresses support obligations when the custodial parent owes spousal support. Under this rule, the first step with regard to the child in joint custody would be to calculate a "gross" spousal support obligation. Considering this "gross" award to be income to the recipient, the next step is to calculate the amount of support due for the child while it is in the other parent's custody. Finally, the actual spousal support obligation is derived by subtracting this child support obligation from the "gross" spousal support figure. This method properly assesses a responsibility on each parent to

contribute to the care of the child while the child is in the other parent's custody.

Order affirmed in part, vacated in part, and remanded with instructions. Jurisdiction relinquished.