**Gina F. PISO, Appellee,**

v.

**Paul R. PISO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 6, 2000.

Filed Oct. 27, 2000.

Gerri V. Paulisick, Butler, for appellant.

Dennis W. McCurdy, Mars, for appellee.

BEFORE: McEWEN, President Judge, CAVANAUGH, KELLY, POPOVICH, HUDOCK, FORD ELLIOTT, JOYCE, MUSMANNO, and LALLY–GREEN, JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, Paul R. Piso (Father), appeals from the order of the Court of Common Pleas of Butler County dated November 19, 1998. This case involves whether the trial court has the jurisdiction to order a custodial parent to execute a written waiver of his or her right to claim a child as a dependency exemption for federal income tax purposes, thus allowing the non-custodial parent to claim the exemption. The trial court held that it had no jurisdiction to order the custodial parent, Gina F. Piso (Mother), to execute such a waiver. We reverse and remand.

¶ 2 The trial court set out the facts as follows:

Gina and Paul Piso were married in 1984. They separated in mid–1997 when Mr. Piso left the marital home. Ms. Piso continues to reside in the marital home and she enjoys primary physical custody of the parties' two minor children: Zachary and Aris.

Mr. Piso teaches in the City of Pittsburgh Public School System. Ms. Piso is employed by a pharmaceutical company as a sales representative. Currently, their annual incomes are similar (ap-

proximately $62,000 per year respectively). Mr. Piso receives $265 per month alimony pendente lite from Ms. Piso and Ms. Piso receives $544 per month from Mr. Piso in child support.

> For the 1997 tax year, Ms. Piso filed her federal income tax return as head of household. Ms. Piso claimed the parties' two minor children as dependency exemptions. Mr. Piso did not claim any exemptions for the two children on his 1997 federal tax return.

Trial Court Opinion, 11/19/98, at 1–2. The record also reflects that since Father moved from the marital residence, and pursuant to an agreement between the parties, Mother has had primary physical custody of the parties' minor children, with Father having substantial partial custody rights.

¶ 3 For the tax year 1997, the parties had very similar incomes, with each earning approximately $62,000.00 per year. Upon the parties' separation, Father began to pay Mother child support pursuant to the Pennsylvania Support Guidelines. The trial court calculated Father's obligation for child support by considering his monthly net income and presumed the parties to have similar monthly net incomes, given their respective, similar federal income tax liability.

¶ 4 Following the child support hearing and prior to entry of the parties' Divorce Decree, Mother filed her federal income tax return for the tax year 1997 as Married Filing Separately, claiming both children as dependency exemptions. Since Father claimed no dependency exemption, Father incurred a higher tax obligation. Father then filed a Petition for Special Relief with the trial court requesting that the court order Mother to execute a waiver of the federal tax dependency exemption for one of the parties' children so as to reallocate the parties' federal tax liability and maximize the available income for child support.

¶ 5 The trial court concluded that it lacked jurisdiction to order Mother to execute the waiver, and denied Father's petition. This timely appeal followed.

¶ 6 Father raises the following issue on appeal:

> Whether state courts considering divorce and support issues, including the Pennsylvania Courts of Common Pleas, have jurisdiction under Section 152(e) of the Internal Revenue code, 26 U.S.C. § 152(e), to order a custodial parent to execute a waiver of his or her right to claim a child as a federal income tax exemption.

Appellant's Brief at 3.

¶ 7 Section 152(e)(1) of the federal Tax Code, 26 U.S.C.A. § 152(e)(1), sets forth the general rule that the custodial parent is entitled to the dependency exemption at issue. Father's case concerns an exception to the general rule, found at 26 U.S.C.A. § 152(e)(2). Under this paragraph, the non-custodial parent is entitled to the exemption if:

> (A) the custodial parent signs a written declaration ... that such custodial parent will not claim such child as a dependent for any taxable year beginning in such taxable year, and (B) the non-custodial parent attaches such written declaration to the non-custodial parent's return for the taxable year[.]

26 U.S.C.A. § 152(e)(2).

■ ¶ 8 A three-judge panel of this court recently decided that a trial court has the power to order a custodial parent to execute the waiver at issue. *See, Miller v. Miller*, 744 A.2d 778 (Pa.Super.1999).[1] This *en banc* court has reviewed *Miller*, as well as the language, purpose and legislative history of § 152(e), other state court decisions, and our own Pennsylvania Divorce Code, 23 Pa.C.S.A. §§ 3101–3904. We agree with *Miller* and hold that the trial court has the authority to award de-

---

1. We observe that *Miller* was announced shortly after the trial court issued its order in Father's case.

pendency exemptions to a non-custodial parent where appropriate. Our reasoning, patterned after *Miller*, follows.

¶ 9 Before 1984, 26 U.S.C.A. § 152(e) provided that the non-custodial parent was entitled to the exemption if he or she paid more than $1,200.00 per year in child support and the custodial parent could not prove that she provided more support than the non-custodial parent. *Macias v. Macias*, 126 N.M. 303, 968 P.2d 814, 816 (1998); *Boudreau v. Boudreau*, 563 So.2d 1244, 1245 (La.Ct.App.1990). Under the previous rule, the parent who had custody of the child for more than one half of the calendar year generally was allowed to claim the exemption. *See*, 26 U.S.C.A. § 152(e)(1)(B) (1976). Also, a state court unquestionably had the authority to allocate a dependency exemption to a non-custodial parent. *Boudreau*, 563 So.2d at 1245.

¶ 10 Congress amended 26 U.S.C.A. § 152 in 1984 to provide that the custodial parent was automatically entitled to the dependency exemption except in three enumerated instances: (1) where there are multiple support agreements; (2) if a qualified pre–1985 instrument provides that the non-custodial parent shall take the exemptions and that parent pays more than $600 per year; and (3) if the custodial parent signs a written declaration that said parent will not take the exemption, and attaches that declaration to her tax return. 26 U.S.C.A. § 152(e) (1984).

¶ 11 The reasons for the amendment to § 152(e) were outlined by the House Ways and Means Committee when it recommended the changes to 26 U.S.C.A. § 152(e):

> The present rules governing the allocations of the dependency exemption are often subjective and present difficult problems of proof and substantiation. The Internal Revenue Service becomes involved in many disputes between parents who both claim the dependency exemption based on providing support over applicable thresholds. The cost to the parties and the Government to resolve these disputes is relatively high and the Government generally has little tax revenue at stake in the outcome. The committee wishes to provide more certainty by allowing the custodial parent the exemption unless that spouse waives his or her right to claim the exemption. Thus, dependency disputes between parents will be resolved without the involvement of the Internal Revenue Service.

H.R.Rep. No. 432, 98 th Cong., 2d Sess., pt. 3, at 1498–99 (reprinted in 1984 U.S.Code Cong. & Admin. News 697, 1140). Said another way, the legislative history reflects that the:

> purpose [of the amendments] was to alleviate the administrative burden which had been placed on the Internal Revenue Service (I.R.S.) due to the necessity for it to become involved in making determinations as to which parent provided the larger portion of a child's support if the parties disagreed and both sought to claim the exemption.

*Boudreau*, 563 So.2d at 1245–1246.

¶ 12 This legislative history does not suggest that the amendments were made with a purpose of preventing state courts from exercising their authority regarding the exemption. *Id.* Rather, Congress' silence demonstrates Congress' surpassing indifference to how the exemption is allocated so long as the IRS doesn't have to do the allocating. *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449, 457 (1987); *see also*, *Macias*, 968 P.2d at 817. (We are not disposed to presume that Congress intended to tie the hands of our state judiciary, especially when the law on its face does not preclude the state from acting.)

¶ 13 State courts have explained that the purpose of § 152(e) is to maximize the income available for partial support of minor children:

> We observe that courts have traditionally considered dependency exemptions as another form of financial resource to be allocated for the benefit of the minor children. Allocating a dependency ex-

emption to one parent or the other may, as a practical matter, liberate additional funds with which that parent may contribute more to the support and maintenance of the children. For example, if the non-custodial parent enjoys a significantly higher tax bracket than the custodial parent, then awarding the dependency exemption to the non-custodial parent may result in larger tax savings to the non-custodial parent than if the exemption were taken by the lower-income, custodial parent. A court can then route that tax savings into greater support for the children, because increased tax savings will mean increased financial resources that can be utilized for the children's benefit. In theory, as well as in practice, allocating the dependency exemptions can serve a constructive purpose that in every way conforms to the core responsibility of [that state's] courts to provide for the minor children of divorce.

*Macias*, 968 P.2d at 817; *see also, Corey v. Corey*, 712 S.W.2d 708, 711 (Mo.Ct.App. 1986); *Gwodz v. Gwodz*, 234 N.J.Super. 56, 560 A.2d 85, 87 (1989); *Hart v. Hart*, 774 S.W.2d 455, 457 (Ky.Ct.App.1989); *In re*

*Marriage of Larsen*, 805 P.2d 1195, 1197 (Colo.App.1991); and *Motes v. Motes*, 786 P.2d 232, 236 (Utah Ct.App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990). Thus, one purpose of § 152(e) is to permit the allocation of the dependency exemption, without I.R.S. involvement, so as to increase the financial resources available for support of the children.

¶ 14 A majority of state courts has held that state courts may use their equitable powers to allocate the dependency exemption to the non-custodial parent and to order the custodial parent to execute the waiver.[2] These courts have reasoned that § 152(e) was amended to minimize I.R.S. involvement in allocation issues. *See, e.g., Boudreau*, 563 So.2d at 1245–1246; *Cross*, 363 S.E.2d at 457. Further, these state courts reason that nothing in the amendment suggests that state courts are now prevented from exercising their prior authority regarding the exemption. *See, e.g., Boudreau*, 563 So.2d at 1245–1246; *Cornejo*, 53 Cal.3d at 1280, 283 Cal.Rptr. 405, 812 P.2d 586.

¶ 15 A minority of state courts has ruled otherwise.[3] These courts usually reason

---

**2.** *See, Lincoln v. Lincoln*, 155 Ariz. 272, 746 P.2d 13, 17 (1987); *Monterey County v. Cornejo*, 53 Cal.3d 1271, 1280, 283 Cal.Rptr. 405, 812 P.2d 586 (1991); *In re Marriage of Larsen*, 805 P.2d 1195, 1197 (Colo.App.1991); *Serrano v. Serrano*, 213 Conn. 1, 566 A.2d 413, 417 (1989); *In re: Marriage of Einhorn*, 178 Ill.App.3d 212, 127 Ill.Dec. 411, 533 N.E.2d 29, 36 (1988); *Ritchey v. Ritchey*, 556 N.E.2d 1376, 1379 (Ind.Ct.App.1990); *In re Marriage of Rolek*, 555 N.W.2d 675, 679 (Iowa 1996); *Hart v. Hart*, 774 S.W.2d 455, 457 (Ky.Ct.App.1989); *Boudreau v. Boudreau*, 563 So.2d 1244, 1245 (La.Ct.App.1990); *Bailey v. Bailey*, 27 Mass.App.Ct. 502, 540 N.E.2d 187, 189 (1989); *Wassif v. Wassif*, 77 Md.App. 750, 551 A.2d 935, 940 (1989), *cert. denied*, 315 Md. 692, 556 A.2d 674 (1989); *Fudenberg v. Molstad*, 390 N.W.2d 19, 21 (Minn.Ct.App. 1986); *Nichols v. Tedder*, 547 So.2d 766, 780 (Miss.1989); *Corey v. Corey*, 712 S.W.2d 708, 711 (Mo.Ct.App.1986); *In re Marriage of Milesnick*, 235 Mont. 88, 765 P.2d 751, 754–755 (1988); *Babka v. Babka*, 234 Neb. 674, 452 N.W.2d 286, 289 (Neb.1990); *Macias v. Macias*, 126 N.M. 303, 968 P.2d 814, 816 (1998); *Cohen v. Cohen*, 100 N.C.App. 334, 396

S.E.2d 344, 348 (1990); *Fleck v. Fleck*, 427 N.W.2d 355, 359 (N.D.1988); *Gwodz v. Gwodz*, 234 N.J.Super. 56, 560 A.2d 85, 87 (1989); *Hughes v. Hughes*, 35 Ohio St.3d 165, 518 N.E.2d 1213, 1215 (1988); *Lamb v. Lamb*, 848 P.2d 582, 583 (Okla.Ct.App.1992); *Hay v. Hay*, 119 Or.App. 372, 850 P.2d 410, 411 (1993); *Hooper v. Hooper*, 1988 WL 10082 (Tenn.App.1988 unpublished); *Motes v. Motes*, 786 P.2d 232, 236 (Utah Ct.App.1989), *cert. denied*, 795 P.2d 1138 (Utah 1990); *In re Marriage of Peacock*, 54 Wash.App. 12, 771 P.2d 767, 769 (1989); *Cross v. Cross*, 178 W.Va. 563, 363 S.E.2d 449, 457 (1987); *Pergolski v. Pergolski*, 143 Wis.2d 166, 420 N.W.2d 414, 417 (Wis.Ct.App.1988).

**3.** *See, Holley v. Holley*, 547 So.2d 192, 193 (Fla.Dist.Ct.App.1989); *Bradley v. Bradley*, 270 Ga. 488, 512 S.E.2d 248, 249 (Ga.1999); *Lorenz v. Lorenz*, 166 Mich.App. 58, 419 N.W.2d 770, 771 (1988); *Josey v. Josey*, 291 S.C. 26, 351 S.E.2d 891, 896 (1986); *Brandriet v. Larsen*, 442 N.W.2d 455, 460 (S.D. 1989); *Davis v. Fair*, 707 S.W.2d 711, 717–718 (Tex.App.1986); *Floyd v. Floyd*, 17 Va. App. 222, 436 S.E.2d 457, 463 (1993).

that the 1984 amendment impliedly limited transfer of the exemption to situations where the custodial parent voluntarily executes the waiver; therefore, the trial court has no authority to compel such action. *See, e.g., Holley*, 547 So.2d at 193; *Josey*, 351 S.E.2d at 896; *Brandriet*, 442 N.W.2d at 460. For the reasons set forth above, however, we find the majority view more persuasive.

¶ 16 Finally, we conclude that the Pennsylvania Divorce Code authorizes the trial court to allocate dependency exemptions. The Divorce Code establishes a 'comprehensive scheme for the dissolution of marriage, the distribution of marital property and the resolution of related economic claims.' *Perlberger v. Perlberger*, 426 Pa.Super. 245, 626 A.2d 1186, 1200 (1993), *appeal denied*, 536 Pa. 628, 637 A.2d 289 (1993), *quoting Bacchetta v. Bacchetta*, 498 Pa. 227, 235, 445 A.2d 1194, 1198 (1982).

¶ 17 The Divorce Code guides us in three places. *See*, 23 Pa.C.S.A. § 3104(a), 3323(f) and 3102(a). Under § 3104(a), the trial court is authorized to issue appropriate decrees or orders pertaining to child support, as well as orders pertaining to the marriage and divorce ... authorized by law and which fairly and expeditiously may be determined and disposed of in such action. 23 Pa.C.S.A. § 3104(a)(3), (a)(5). Under § 3323(f), the trial court is authorized to enter orders requiring either party to act or refrain from acting as equity and justice require.[4] Finally, the trial court is to promote the policy of the Divorce Code which, among other things, is to:

(4) Mitigate the harm to the spouses and their children caused by the legal dissolution of the marriage.

4. Section 3323(f) provides as follows:
   **Equity power and jurisdiction of the court.**–In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third

(5) Seek causes rather than symptoms of family disintegration and cooperate with and utilize the resources available to deal with family problems.

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

23 Pa.C.S.A. § 3102(a)(4)–(6).

¶ 18 In light of these statutory provisions, the trial courts of Pennsylvania are authorized to fairly and expeditiously resolve issues respecting the allocation of the dependency exemption. Because the dependency exemption will generally reduce a non-custodial parent's tax liability and thereby increase the income available for support, we conclude that awarding the exemption to that parent in appropriate cases will further the purposes and policies of the Divorce Code.[5] In other words, such an allocation is one method, among many, to effectuate economic justice for the parties and the children. Accordingly, under the Divorce Code, the trial court had the authority to allocate the exemption and to direct the custodial parent to execute the required waiver.

¶ 19 In conclusion, upon review of the statutory language, legislative history and purpose of § 152(e), other state court decisions, and our own Divorce Code, we conclude that § 152(e) does not deprive our state courts of jurisdiction to allocate the dependency exemption to the non-custodial parent. Accordingly, our state courts have

person over whom the court has jurisdiction and who is involved with or concerned with the disposition of the cause.

5. *See, Holland v. Holland*, 444 Pa.Super. 251, 663 A.2d 768, 770 (1995) (because of tax implications, fact-finder can allocate support award under Pa.R.Civ.P.1910.16–5(f) between spousal support and child support to maximize total income available for the family unit).

the power to allocate the dependency exemption and can order said allocation in the context of certain conditions. One condition is that the non-custodial parent continue payment of child support. *See, Ritchey*, 556 N.E.2d at 1379. The trial court has the discretion to impose other conditions as it sees fit, in the exercise of its equitable powers.

∎ ¶ 20 Further, where the trial court allocates such exemption, said court must contemporaneously order the custodial parent to execute the declaration waiving the exemption. *See, e.g., Babka,* 452 N.W.2d at 289; *Cross,* 363 S.E.2d at 458; *Pergolski,* 420 N.W.2d at 417; *Wassif,* 551 A.2d at 940. We observe that the IRS will permit the non-custodial parent to claim the exemption only when that parent attaches the custodial parent's completed and signed waiver to his or her income tax return. *Neal v. Commissioner of Internal Revenue,* 1999 WL 167689 (U.S.Tax Ct.1999); *Cafarelli v. Commissioner of Internal Revenue,* 1994 WL 247954 (U.S.Tax Ct.1994). Since the non-custodial parent who is paying child support cannot effectively claim the exemption without the executed waiver, the court must order said execution to give full effect to its order respecting the allocation.

¶ 21 We remand for further proceedings in order for the trial court to determine, in its discretion, whether it is appropriate to allocate the exemption Father seeks, given the overall scheme of APL and child support in this case.[6]

¶ 22 Order reversed. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

---

6. We note that a transfer of the dependency exemption from one party to the other (or a change in the number of exemptions) may, in appropriate cases, form the basis for a petition to modify child support. We also note that because the value of dependency exemptions will vary with the exemption-holder's income, an order allocating the dependency exemption should be modifiable upon a showing of a change in circumstances, such as a significant increase or decrease in the income of the exemption-holder.