J-S37004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| K.H. | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A. E. H., | : | |
| | : | |
| Appellant | : | No. 3364 EDA 2017 |

Appeal from the Order Entered October 6, 2017
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  14-12664,
PACSES # 219115003

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

CONCURRING MEMORANDUM BY McLAUGHLIN, J.:**FILED SEPTEMBER 11, 2018**

I agree with the majority that remand is necessary for additional proceedings and findings of fact as to the income and earning capacity of A.E.H. ("Father"). However, I respectfully disagree with the majority that an earning capacity of $50,000.00 could not be imputed to Father, if supported by the evidence.

The Master and the trial court found that Father had not been diligent in his efforts to obtain employment, and the record supports this finding. Father testified that he sought no employment to supplement his claimed $7,468.00 yearly income from rental property, even though he is a healthy 33-year-old, who graduated from high school, completed three years of college, attended a real estate class, and had no child care responsibilities.

_____
* Former Justice specially assigned to the Superior Court.

Trial Court Opinion, filed 12/19/17, at 2, 7. Therefore, it was proper to impute an earning capacity to Father greater than his reported income. ***Woskob v. Woskob***, 843 A.2d 1247, 1251 (Pa.Super. 2004) ("Although a person's actual earnings usually reflect his earning capacity, where there is a divergence, the obligation is determined more by earning capacity than actual earnings."); ***Moore v. Moore***, 181 A.2d 714, 715 (Pa.Super. 1962) (individual "presumed to have earning capacity in legal pursuits"); Pa.R.C.P. 1910.16-2(d)(4) ("If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity.").

In addition, during the prior appeal, the Master and trial court credited the testimony of K.H. ("Mother") that Father's spending habits had not ceased in 2012, as he claimed. Trial Court Opinion, 7/19/16, at 7-8 (noting "[t]here was no reported testimony from [Father] denying that he paid the expenses cited by [Mother] in 2014 before the parties separated, which was after he reportedly ceased his illegal activities"); Report of Master in Support, filed 12/28/15 & 5/18/17, at 9 (finding Father's testimony that he stopped generating income from illegal activities in 2012 not credible, noting he paid household expenses for Mother after 2012). The trial court also did not find credible Father's claims that he did not purchase any of the items displayed on social media and that he incurred no expenses during a trip to California. TCO, filed 12/19/17, at 7-8. Therefore, it would be reasonable for the trial court to conclude that Father's actual income is greater than the $7,468.00

he claimed. **See Moore**, 181 A.2d at 715 ("[c]laimant can establish through defendant's expenditures, without proving the source of the money, that he has a substantial income upon which an order may be based"); **see also McAuliffe v. McAuliffe**, 613 A.2d 20, 22 (Pa.Super. 1992) (where trial court finds that claims of reduced income are not credible, this determination will generally be upheld on review).

Such a finding would not promote illegal activity. Rather, it would ensure that the child benefits from all income Father receives regardless of source, as the Domestic Relations Code instructs.[1] **See Moore**, 181 A.2d at 715 (holding that defendant not relieved of support obligation because income

_____

[1] For support matters, "income" is defined as:

> **"Income."** Includes compensation for services, including, but not limited to, wages, salaries, bonuses, fees, compensation in kind, commissions and similar items; income derived from business; gains derived from dealings in property; interest; rents; royalties; dividends; annuities; income from life insurance and endowment contracts; all forms of retirement; pensions; income from discharge of indebtedness; distributive share of partnership gross income; income in respect of a decedent; income from an interest in an estate or trust; military retirement benefits; railroad employment retirement benefits; social security benefits; temporary and permanent disability benefits; workers' compensation; unemployment compensation; other entitlements to money or lump sum awards, without regard to source, including lottery winnings; income tax refunds; insurance compensation or settlements; awards or verdicts; and **any form of payment due to and collectible by an individual regardless of source.**

23 Pa.C.S.A. § 4302 (emphasis added).

obtained from illegal pursuits and stating that party seeking support need not "always prove the source of the defendant's income"); *see also Gallagher v. Gallagher*, 703 A.2d 850, 857 (Md.App. 1997) (finding order including earnings from illegal activity in total income amount did not require appellant to continue illegal activity, noting that if appellant established he no longer engaged in activity, it could be basis for modification).

However, because it is unclear how the Master and trial court arrived at the $50,000.00 earning capacity figure, I agree with the majority that remand is necessary.

Therefore, I concur.