Donna M. ANNECHINO, Appellant

v.

Kenneth M. JOIRE, Appellee.

Superior Court of Pennsylvania.

Argued July 25, 2007.
Filed March 26, 2008.

---

Jennifer S. Nash, Exton, for appellant.

Lauren G. Buchanan, West Chester, for appellee.

BEFORE: LALLY–GREEN, KLEIN and BENDER, JJ.

OPINION BY KLEIN, J.:

¶ 1 Donna M. Annechino (Wife) appeals from the trial court's order granting Kenneth M. Joire's (Husband's) petition to enforce a Property Settlement Agreement that was filed on May 15, 2001. After reviewing the cogent opinion of the distinguished trial judge, the Honorable Phyllis R. Streitel, we affirm.

¶ 2 In this case, the parties entered into a Marital Property Settlement Agreement prior to the entry of the divorce decree in Chester County and did not incorporate or merge that agreement into the final divorce decree. Essentially, Wife claims that since the agreement was not incorporated and the pleadings did not include a count for equitable distribution, the Chester County court does not have the authority to enforce the Property Settlement Agreement and Husband's only remedy is a separate civil action in equity.

¶ 3 We agree with Judge Streitel that the matter is controlled by the Divorce Code, 23 Pa.C.S.A. § 3105(a):

[A] party to an agreement regarding matters within the jurisdiction of the court under this part, whether or not the agreement has been merged or incorporated into the decree, may utilize a remedy or sanction set forth in this part to enforce the agreement to the same extent as though the agreement had been an order of the court except as provided to the contrary in the agreement.

¶ 4 Although, as Wife points out, section 3104(a) discusses property rights that can be considered *if raised in the pleadings*, section 3104 does not eliminate the power granted in section 3105 permitting the enforcement of an agreement (a) regardless or whether equitable distribution was pled, and (b) regardless of whether an agreement has been merged or incorporated into the divorce decree.

¶ 5 In the 1988 amendments,[1] the legislature made a drastic change in the law. The legislature in essence provided that almost all matters involving family law issues should be heard under the Divorce Code, which would be in the family court division of those courts having separate divisions. The statute overturned the common law that precluded enforcement of unmerged agreements and left the parties to contract law. Specifically that situation was changed by the adoption of the present section 3105.[2] A full discussion follows.

**Facts and Procedure**

■ ¶ 6 The divorce decree in this case was entered on August 2, 2001. Thereafter, pursuant to a petition for special relief, Husband sought enforcement of the agree-

---

1. 1988, Feb. 12, P.L. 66, No. 13, § 2.

2. In 1990, the legislature again amended the Divorce Code, essentially reenacting it at 23

Pa.C.S.A. § 3101 *et seq*. 1990, Dec. 19, P.L. 1240, No. 206, § 2.

ment. Essentially, Wife claims that regardless of the parties' agreement, because Husband did not plead any counts of equitable distribution in his divorce complaint prior to the entry of the divorce decree, the trial court does not have jurisdiction to enforce that agreement. As noted, we disagree with Wife.[3]

## Discussion

¶ 7 Part IV of the Domestic Relations Code, titled the Divorce Code, 23 Pa.C.S.A. § 3101, states the legislature's intent and objectives, which include effectuating economic justice between the parties and insuring a fair and just settlement of the parties' property rights. 23 Pa. C.S.A. § 3102(a)(6). Section 3102 also states that in interpreting the Divorce Code, these objectives "shall be considered." 23 Pa.C.S.A. § 3102(b). Under the Statutory Construction Act, when the words of a statute are not explicit, the courts look beyond statutory language, and consider extraneous factors to ascertain legislative intent. 1 Pa.C.S.A. § 1921(c). Therefore, the parameters of the enforcement authority the General Assembly intended to give the trial court in section 3105(a) are ascertained by considering the occasion and necessity for the enactment and the object the Legislature sought to attain in the statute. *See* 1 Pa.C.S.A. § 1921(c)(1), (4). *See also* 1 Pa.C.S.A. § 1921(a) ("Every statute must be construed, if possible, to give effect to all its provisions."). Thus, in construing the interplay between section 3104 of the Divorce Code, which Wife argues controls, and sections 3105 and 3323 of the Divorce Code, we keep these objectives and principles in mind.

¶ 8 Section 3105(a) of the Divorce Code states that parties to an agreement regarding matters **within the jurisdiction of the court** under the Divorce Code, 23 Pa.C.S.A. § 3101 *et seq.*, whether or not the agreement has been merged or incorporated into the decree, may use a remedy or sanction set forth in the Divorce Code to enforce the agreement to the same extent as though the agreement had been an order of the court, unless otherwise agreed. 23 Pa.C.S.A. § 3105(a).

¶ 9 Section 3105 does not specify that the agreement would have had to have been pled in the divorce complaint; however, Wife claims that section 3104(a) limits the jurisdiction and enforcement powers under section 3105 to those matters that have been raised in the pleadings. Because the legislature has clearly set forth its intent and objectives, and because it has granted the courts continuing jurisdiction and broad enforcement powers, we do not read the Divorce Code in the restrictive manner Wife advocates. Instead, we read section 3105 to permit the courts to enforce the parties' agreement even if not incorporated or merged into the decree, and even if not specifically raised in the divorce pleadings.

¶ 10 We decline to read this section in isolation. To do so would discourage the resolution of economic claims by agreement and send economic claims relating to divorce over to the civil division as a breach of contract claim, precisely the situation the legislature intended to change by the 1988 amendments.

¶ 11 Wife argues that section 3104 precludes the trial court from enforcing the parties' agreement because no economic claims were raised in the divorce pleadings. Section 3104(a) states that the

---

**3.** Whether the trial court had jurisdiction to entertain Husband's petition for special relief is a pure question of law; as such our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. John,* 854 A.2d 591, 593 (Pa.Super.2004).

courts of common pleas shall have original jurisdiction in cases of divorce,

> and shall determine, in conjunction with any decree granting a divorce or annulment, the following matters, **if raised in the pleadings,** and issue appropriate decrees or orders with reference thereto, and may retain continuing jurisdiction thereof:
>
> (1) The determination and disposition of property rights and interests between spouses, including any rights created by any antenuptial, postnuptial or separation agreement ...

23 Pa.C.S.A. § 3104(a)(1) (emphasis added).

¶ 12 Wife's argument ignores the fact that Section 3105(a) incorporates a significant change that was made to the Divorce Code when it was amended in 1988. *Gaster v. Gaster,* 703 A.2d 513, 516 (Pa.Super.1997). Before the 1988 amendments, parties seeking to enforce an unmerged agreement concerning property rights could not look to the Divorce Code for relief; they had to seek enforcement at law or in equity. *Id.* The 1988 amendments changed this by adding § 401.1, § 3501(a)'s predecessor, to the Code. *Id.* The General Assembly's aim was to extend the Divorce Code's remedies, sanctions, and vehicles of enforcement to agreements covering certain matters ancillary to divorce. *Id.*

---

4. Section 3323(f) of the Domestic Relations Code provides:

In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and *may grant such other relief or remedy as equity and justice require against either party or against a third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.*

¶ 13 Further, Section 3104(a), **Jurisdiction,** provides that in divorce matters, the trial court may "issue appropriate decrees or orders" with respect to spousal support, alimony, APL, and "[a]ny other matters pertaining to the marriage and divorce ... authorized by law and which fairly and expeditiously may be determined and disposed of in such action." 23 Pa.C.S.A. § 3104(a)(1), (a)(5).

¶ 14 Similarly, one can glean the legislative intent by viewing section 3323(f) of the Divorce Code. Section 3323(f) expressly authorizes the court to enter orders requiring either party to act or refrain from acting as equity and justice require. 23 Pa.C.S.A. § 3323(f).[4]

¶ 15 Thus, since the court has personal jurisdiction over the parties to the divorce action, section 3323(f) is a catch-all provision, granting not only broad enforcement powers, but "full equity and jurisdiction" to issue orders necessary to protect the interests of the parties and effectuate economic justice and insure the fair and just settlement of the parties' property rights. 23 Pa.C.S.A. § 3323(f).[5]

¶ 16 Here, the parties' agreement concerned marital property distribution, which is a matter included in Part IV of the Divorce Code. Therefore, under section 3105(a), the trial court was authorized to enforce it.

---

23 Pa.C.S.A. § 3323(f) (emphasis added). *See Piso v. Piso,* 761 A.2d 1215, 1219 (Pa.Super.2000).

5. *See Foley v. Foley,* 392 Pa.Super. 9, 572 A.2d 6 (1990) (divorce court retains equitable authority, following entry of divorce decree, to intercede upon petition by aggrieved party to address and correct economic injustice); *Cheng v. Cheng,* 347 Pa.Super. 515, 500 A.2d 1175 (1985).

## Conclusion

¶ 17 This legislative aim, along with the stated policy of the Divorce Code to effectuate economic justice between divorcing parties, 23 Pa.C.S.A. § 3102(a)(6), requires that we read § 3105(a) broadly. We conclude, therefore, that it was the General Assembly's intent in enacting section 3105(a) to make the enforcement provisions of the Divorce Code available to parties to an agreement, so long as the agreement pertains to a matter that is covered in Part IV. Clearly, the legislature did not intend section 3104 to be read apart from section 3105.

¶ 18 We conclude, therefore, that the trial court properly construed the Divorce Code.

¶ 19 Order affirmed.