## Wiggins v. Wiggins

*Patricia H. Cooley* and *Kevin J. Handy,* for plaintiff.
*Francis J. Sullivan,* for defendant.

RUFE, *J.,* April 15, 2008—Petitioner, W. Stover Wiggins, (Husband), has appealed the March 19, 2008 order of this court wherein we sustained the preliminary objections of Jude Wiggins (Wife). That order also dismissed petitioner's complaint, with prejudice. We offer this opinion in support of our decision.

## BACKGROUND—DIVORCE PROCEEDINGS

Husband and Wife were married on July 14, 1985. They were divorced on May 16, 2007. Husband filed the divorce complaint on November 13, 2001, which was docketed at Bucks County Court of Common Pleas docket no. AO6-01-64055-26. On January 11, 2002, Wife filed an answer and counterclaim in divorce. The docket reflects the parties engaged in protracted litigation. This included not only the divorce action, but alimony pendente lite, petitions in equity for special relief, support, equitable distribution, petitions for counsel fees, costs and expert fees.

On May 16, 2007, the parties appeared before Bucks County Honorable Alan M. Rubenstein in connection with the resolution of the parties' financial and economic interests, and to conclude the equitable distribution aspect of the divorce. On that date, the parties, both represented by counsel, entered into a property settlement agreement. After a colloquy concerning the parties' voluntary and knowing acceptance of the agreement, the court granted the decree in divorce. The divorce decree states that the parties further agree that the court of com-

mon pleas, "retains continuing jurisdiction . . . for the purposes of ensuring compliance with, and enforcement of, the terms of the agreement."

Notwithstanding the divorce and the agreement, the parties continued to litigate related issues. By order dated July 6, 2007, the parties' dispute concerning the division of personal property was submitted to binding arbitration to be held on October 26, 2007. On October 5, 2007, Wife filed a petition for specific performance and petition for contempt against Husband seeking specific performance of the agreement. On October 17, 2007, Judge Rubenstein entered an order setting forth a rule returnable date of November 5, 2007, for a response to be filed by Husband and a hearing date of November 20, 2007, to consider Wife's contempt petition.

In his response, Husband asserted that the agreement was invalid and unenforceable because of Wife's "false, fraudulent and material misrepresentations and/or omissions" to Husband concerning the parties' prenuptial agreement. Those allegations are also set forth in the civil action complaint filed before the undersigned and to be addressed herein.

In addition to initiating the civil action, and in furtherance of the divorce action, on October 24, 2007, Husband also filed an emergency petition for special relief for stay of proceedings and to freeze assets of Wife, as well as to continue the binding arbitration conference with the master's office, previously scheduled by Judge Rubenstein, for October 26, 2007. On October 26, 2007, Wife filed a response to Husband's emergency petition.

## CIVIL PROCEEDING

In this civil action Husband raises the following causes of action against Wife: (1) fraud and/or fraudulent inducement, (2) material misrepresentation to induce agreement, (3) breach of contract, (4) breach of contract-breach of duty of good faith and fair dealing, and (5) breach of confidential relationship. Husband contends that Wife fraudulently induced him to execute the property settlement agreement by failing to disclose to him, in 2002, the existence of a prenuptial agreement, as well as failing to provide him with a copy of the prenuptial agreement.

Husband contends that he asked Wife, at the beginning of the divorce proceedings, to produce the prenuptial agreement. That was done through correspondence between their respective counsel, on August 21, 2002, and September 5, 2002. Wife's representation through her attorney, in 2002, was that to the best of her recollection there was no existing agreement and no "original" in her possession at the home.

Husband represents that he found the original, signed copy of the prenuptial agreement, at the marital residence, among other documents belonging to Wife. Husband had regained possession of the marital residence after finalization of the divorce. He asserts that Wife had a duty and obligation to disclose to him the existence of the prenuptial agreement and/or provide it to him; and further, that Wife had a duty to not make false, fraudulent and material misrepresentations and/or omissions to Husband concerning the existence and location of the said agreement. Husband asserts that he relied on these

misrepresentations and omissions in entering the property settlement agreement, which included significantly less favorable terms for him.

Based on these allegations Husband filed this civil action seeking to recover all monies and property received by Wife, from Husband, during the divorce proceedings. This includes all alimony pendente lite and/or spousal support, his attorney fees, Wife's attorney fees, and Wife's expert fees. He also seeks to recover loss of past and future earnings, as well as damages for severe emotional distress.

In our order of March 19, 2008, we sustained Wife's preliminary objections on the grounds of a prior pending action. In making this determination, pursuant to Pa.R.C.P. 1028(a)(6), we found the same parties, the same rights, and the same relief sought, were involved in the divorce action before Judge Rubenstein as in this civil action. In Husband's response and counterclaim to Wife's petition for contempt in the divorce action, he incorporates by reference the allegations in the civil complaint. In his petition for special relief for stay of proceedings and to freeze assets, he suggests that a stay must be ordered as this civil action was pending.

Husband maintains that Wife's petition for specific performance and contempt of the property settlement agreement, in the divorce action, was filed as a calculated effort to thwart his pursuing a claim for fraudulent concealment after his counsel informed Wife's counsel that the prenuptial agreement had been found at the former marital residence, and Husband was considering his

legal options. Even if that were true, Wife appropriately filed a petition in the divorce proceeding.

It is Husband's position that neither the divorce action, which is concluded, nor the family court's continuing jurisdiction to enforce the terms of the property settlement agreement, bars him from this civil action. He asserts the damages he now seeks are in tort and the property settlement agreement under the Divorce Code does not limit his legal, equitable, contractual and due process rights to challenge the agreement in this civil action.

The preliminary objections raised by Wife, in addition (1) to raising the prior pending action, also include; (2) a challenge to the jurisdiction of the civil division of this court hearing this matter; (3) a demurrer stating the prenuptial agreement as attached to the complaint is not a true and correct copy, because schedules referenced are not attached; (4) that Wife did not receive independent legal advice as to its execution; and (5) it does not provide full and fair disclosure of either party's assets, making it defective on its face and unenforceable. Wife also raises a demurrer for legal insufficiency, as Counts I and II fail to state a claim for fraud. And finally, under the gist of the action doctrine, Wife asserts that Husband cannot recover tort damages in a contract action, that Pennsylvania law does not recognize punitive damages as a separate cause of action, and that Husband's complaint fails to allege "egregious conduct" or an "evil motive" on the part of Wife, to support an award of punitive damages.

For the reasons herein, we disagree with Husband's position, and dismiss his action with prejudice. Hus-

band's assertion, in support of initiating this civil action, that the divorce action was concluded, is self-serving. While the divorce decree was entered in May 2007, and Judge Rubenstein retained jurisdiction with regard to the enforcement of the agreement, a review of the pleadings supports the view that matters under Bucks County docket no. AO6-01-64055 are still active and pending.

While we find the pendency of a prior action sufficient to sustain the preliminary objections and dismiss the complaint, we briefly address Wife's remaining objections. At the outset, Husband has attempted to establish his case for fraud and misrepresentation so that he can seek the remedies and damages in tort in a separate civil action beyond the scope of the Divorce Code. 23 Pa.C.S. §3105. Wife has challenged Husband's claims for compensatory and punitive damages raised in Counts I and II of Husband's complaint.[1] These counts state that the agreement should be "set aside and declared null and void" based on Wife's failure to provide the document. To be successful in these counts, Husband would have to establish the following elements: (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity and recklessness as to whether it is true or false; (4) made with the intent of misleading another into relying upon it; (5) justifiable reliance upon the misrepresentation; and (6) that the resulting injury was proximately caused by the reasonable reliance. *Perlberger v. Perlberger,* 32 F. Supp.2d 197, 209-10 (E.D. Pa. 1998) (citing *Gibbs v. Ernst,* 538

---

1. Count I—fraud and/or fraudulent inducement. Count II—material misrepresentation to induce agreement.

Pa. 193, 207, 647 A.23d 882, 889 (1994). We agree that Husband did not establish the necessary elements.

Husband's minimal attempts to inquire about, and acquire, the prenuptial agreement, fall substantially below standards of reasonable, justifiable reliance and due diligence. Two inquiries at the outset of a divorce proceeding, in a matter that included extensive legal proceedings for almost five years until the divorce decree was entered, are not adequate effort to establish fraud and/or misrepresentation. Husband failed to persuade the court that his reliance was reasonable, justifiable and diligent. His position is not that he was unaware of such an agreement, but that Wife's failure to produce the document caused his resulting damages. As we expressed to the parties' counsel at oral argument before this court on March 19, 2007, the assumption by Husband that asking Wife twice for a document, and expecting she would have willingly accommodated his request, in the midst of the bitter proceedings dissolving the parties' marriage, was not at all reasonable. We place no judgment on whether Wife was, or was not, as she represents, aware of the whereabouts or existence of the prenuptial agreement. That is irrelevant to Husband's failure to make a more complete attempt at obtaining such information. The record does not reflect Husband acted reasonably in relying on Wife's alleged misrepresentation in light of the nature of the litigation in divorce. Other than his representation that he requested the document twice, he did not raise the prenuptial agreement as a defense to Wife's counterclaim for equitable distribution or in any other proceedings involving the resolution of the parties' financial and eco-

nomic interests, nor did he ever file a motion to compel Wife to produce the document. We find these facts strong evidence against Husband's current position wherein he argues strenuously at the significant impact on his negotiations in the property settlement because he lacked this document.

Because we believe our decision, *supra,* is dispositive of Husband's complaint, we will touch only briefly on the other matters raised by Wife. Wife also objected to Husband's complaint on the grounds that such actions are barred by the gist of the action doctrine. Husband's claim is that the gist of the action doctrine is not applicable here because it is not applicable to fraudulent inducement or negligent misrepresentation claims. However, since we have already addressed, and do not accept, the assertion that Husband acted reasonably and established a cause of action in fraud or misrepresentation it follows that Husband's argument regarding this gist of the action doctrine fails.

Wife also objected to Husband's claim for breach of contract—breach of the duty of good faith and fair dealing, in that such a claim cannot be raised as a separate and distinct action from the breach of contract. And finally, Wife objected to Husband's claim for attorney's fees and punitive damages. Husband sought damages in the nature of reimbursement for monies paid to Wife during the course of the divorce proceedings, including alimony pendente lite, counsel fees, expert fees, as well as his own counsel fees, damages for loss of earnings and severe emotional distress. He also sought punitive damages, counsel fees and costs. As in Wife's position regarding the gist of the action

doctrine, Husband would have needed to establish a claim for fraudulent inducement to be successful in pursuing these damages. Husband has not alleged any statutory or contractual basis for attorney's fees as is required by law to recover. Furthermore, Husband has not alleged facts to establish the sort of egregious conduct necessary for an award of punitive damages. Therefore, Husband is not entitled to the damages he sought.

While we addressed the issues raised by the parties, we feel compelled to also address the recent case of *Annechino v. Joire,* 946 A.2d 121 (Pa. Super. 2008). While factually dissimilar in that Wife's argument in that case sought to have Husband bring a separate civil action when seeking to enforce the relevant property settlement agreement, it is the comprehensive discussion of the Divorce Code, 23 Pa.C.S. §3101 et seq., that draws our attention to the instant matter. We incorporate a salient section of that discussion herein:

"Wife claims that section 3104(a) limits the jurisdiction and enforcement powers under section 3105 to those matters that have been raised in the pleadings. Because the legislature has clearly set forth its intent and objectives, and because it has granted the courts continuing jurisdiction and broad enforcement powers, we do not read the Divorce Code in the restrictive manner Wife advocates. Instead we read section 3105 to permit the courts to enforce the parties' agreement even if not incorporated or merged into the decree, and even if not specifically raised in the divorce pleadings. We decline to read this section in isolation. To do so would discourage the resolution of economic claims by agreement and

send economic claims relating to divorce over to the civil division as a breach of contract claim, precisely the situation the legislature intended to change by the 1988 amendments.

"The General Assembly's aim was to extend the Divorce Code's remedies, sanctions and vehicles of enforcement to agreements covering certain matters ancillary to divorce.

"[S]ince the court has personal jurisdiction over the parties to the divorce action, section 3323(f) is a catchall provision, granting not only broad enforcement powers, but 'full equity and jurisdiction' to issue orders necessary to protect the interests of the parties and effectuate economic justice and insure the fair and just settlement of the parties' property rights. 23 Pa.C.S. §3323(f)." *Annechino, supra.*

We found the divorce matter before Judge Rubenstein to be a prior pending action. We were not convinced that Husband acted reasonably nor that Wife acted fraudulently. And, finally, we suggest the *Annechino* case provides support and authority as to the legislative intent in properly maintaining actions under the Divorce Code.

For all of the above reasons, we sustained Wife's preliminary objections and dismissed Husband's complaint in our order of March 19, 2008.