J-S12028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANNE B. GOLDMAN KRAVITZ, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES B. KRAVITZ, | |
| Appellant | No. 1828 EDA 2015 |

Appeal from the Order Entered May 13, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 1969-10090

BEFORE:  MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 15, 2016**

Appellant, James B. Kravitz ("Husband"), appeals from the order entered on May 13, 2015.  We affirm.

The factual background and procedural history of this case are as follows. Husband and Anne B. Goldman Kravitz ("Wife") were married on December 11, 1965.  On July 9, 1969, Wife filed a complaint in divorce.  On March 29, 1973, Husband and Wife entered into a marital settlement agreement that provided, in part, that Husband would resume alimony payments to Wife if she became incapacitated and unable to work for at least three weeks.  On May 30, 1973, the trial court issued a divorce decree dissolving the parties' marriage.

On October 12, 2007, Wife filed a petition to enforce the parties' marital settlement agreement.  She averred that she was disabled and,

---

* Retired Senior Judge assigned to the Superior Court

therefore, Husband was required to resume alimony payments. On June 15, 2011, the trial court held a hearing on Wife's petition. On August 15, 2011, the trial court held that Wife was disabled and that Wife was entitled to alimony. Husband appealed, and this Court affirmed. *Kravitz v. Kravitz*, 60 A.3d 559 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 1248 (Pa. 2013).

On November 21, 2014, Wife filed a petition to find Husband in contempt for failing to comply with the August 15, 2011 order. She averred that, on serval occasions, Husband failed to make required payments and on other occasions Husband's payments were late. On May 7, 2015, the trial court held a hearing on the contempt petition. On May 13, 2015, the trial court granted Wife's contempt petition and ordered Husband to pay $4,000.00 in attorney fees. This timely appeal followed.[1]

Husband presents two issues for our review:

1. Did the [trial] court commit an error of law in determining that payments required to be made pursuant to a [m]arital [s]ettlement [a]greement entered into before the enactment of the Divorce Code are enforceable by way of a [p]etition for [c]ontempt?

2. Did the [trial] court abuse its discretion in awarding attorney[] fees in favor of Wife without finding Husband's conduct was obdurate, vexatious[,] and in bad faith?

Husband's Brief at 3-4.

---

[1] The trial court did not order Husband to file a concise statement of errors complained of on appeal.

Husband first contends that a contempt petition was not the appropriate means by which to compel alimony payments. Instead, Husband argues that Wife was required to file an assumpsit action or an equity action in order to enforce the terms of the marital settlement agreement. Wife counters that she had the option of filing an assumpsit action, an equity action, or a contempt petition in order to compel Husband to comply with his alimony obligations. "Our scope of review when considering an appeal from an order holding a party in contempt of court is narrow: We will reverse only upon a showing of an abuse of discretion." *Orfield v. Weindel*, 52 A.3d 275, 278 (Pa. Super. 2012) (citation omitted).

Husband's entire argument is premised on the assumption that he was held in contempt for violating the parties' marital settlement agreement. *Cf. Annechino v. Joire*, 946 A.2d 121 (Pa. Super. 2008) (A party can seek enforcement of a marital settlement agreement entered into after passage of the Divorce Code via contempt proceedings in addition to being able to seek enforcement of the marital settlement agreement via a new assumpsit or equity action.). We conclude, however, that Husband was not found in contempt of the marital settlement agreement. Instead, Husband was found in contempt of the trial court's August 15, 2011 order. Specifically, the trial court's contempt order read, in pertinent part, "that Husband violated the [trial c]ourt's August 15, 2011 [order.]" Order, 5/13/15, at 2. The contempt order only references the marital settlement agreement when

discussing why the August 15, 2011 order was issued. Thus, Husband was not found in contempt of the parties' marital settlement agreement but of the trial court's August 15, 2011 order.

Husband argues that the August 15, 2011 order merely interpreted the parties' marital settlement agreement and, therefore, Wife could not seek to enforce the August 15, 2011 order through a contempt petition. We find instructive this Court's decision in **Hopkinson v. Hopkinson**, 470 A.2d 981 (Pa. Super. 1984), *overruled on other grounds*, **Sonder v. Sonder**, 549 A.2d 155, 171 (Pa. Super. 1988) (*en banc*). In **Hopkinson**, the parties entered into a marital settlement agreement prior to enactment of the Divorce Code. After passage of the Divorce Code, the wife sought to enforce the marital settlement agreement through a contempt action. This Court held that the husband could not be found in contempt of the marital settlement agreement because it was entered into prior to enactment of the Divorce Code. **Id.** at 985. Nonetheless, this Court affirmed the contempt finding because the parties entered into a consent decree in 1982 – after enactment of the Divorce Code. Thus, the wife could seek to hold the husband in contempt of that consent decree. **Id.**

Husband attempts to distinguish **Hopkinson** on two grounds. First, he argues that the parties never entered into a consent decree. Whether the trial court's August 15, 2011 order was entered with or without consent, however, is immaterial to a determination of whether Husband can be found

in contempt of that order. *Cf. Brandschain v. Lieberman*, 466 A.2d 1035, 1038 (Pa. Super. 1983) (consent decree is typically treated the same as a final adjudication on the merits). *Hopkinson* stands for the principle that a party to a pre-Divorce Code marital settlement agreement can be held in contempt if the provisions of that agreement are later incorporated into a court order entered after the adoption of the Divorce Code. That is what occurred in this case. The trial court's August 15, 2011 order incorporated portions of the marital settlement agreement and imposed an obligation on Husband to pay Wife alimony and provide her with health insurance.

Second, Husband argues that the trial court's September 26, 2011 opinion made clear that the August 15, 2011 order merely enforced the parties' marital settlement agreement. We conclude that this is, in fact, a challenge to the trial court's August 15, 2011 order and not the trial court's May 13, 2015 order. As such, to the extent that Husband did not challenge the August 15, 2011 order, he has waived the argument. Conversely, to the extent Husband challenged the August 15, 2011 order on appeal, we are bound by the law of the case doctrine.

When challenging a contempt finding which is premised on violation of an order that previously became final, an appellant may not challenge or collaterally attack the underlying order. *Int'l Org. Masters, Mates & Pilots of Am., Local No. 2 v. Int'l Org. Masters, Mates & Pilots of Am., Inc.*, 318 A.2d 918, 920 (Pa. 1974) (citation omitted); *Weiner v. Lee*, 669

A.2d 424, 427-428 (Pa. Cmwlth. 1995). Thus, any collateral attack on the August 15, 2011 order is improper in this case.

The August 15, 2011 order clearly imposes an obligation on Husband to pay alimony to Wife. Specifically, the order states that "effective August 15, 2011, Husband shall pay Wife $755.80 per week in alimony, with an annual adjustment as provided in the [marital settlement a]greement, for the remaining time that Wife is deemed disabled and unable to work as a real estate agent or in a similar job." Trial Court Opinion, 8/15/11, at 5-6. This obligation imposed by the August 15, 2011 order is separate and apart from the parties' marital settlement agreement. Although the August 15, 2011 order was premised on, and incorporated the cost of living adjustment set forth in the marital settlement agreement, that does not mean it is merely interpreting the parties marital settlement agreement.

The August 15, 2011 order may have overreached as it not only awarded past damages to Wife and declared the marital settlement agreement valid and enforceable, but also imposed a new obligation on Husband to pay future alimony at an amount not expressly provided for in the marital settlement agreement. This possible overreaching, however, is of no moment when considering whether Husband, in fact, violated the August 15, 2011 order. Accordingly, we conclude that Husband is not entitled to relief on his first issue.

In his second issue, Husband argues that the trial court erred by awarding Wife $4,000.00 in attorney fees. We review the trial court's award of attorney fees for an abuse of discretion. *Habjan v. Habjan*, 73 A.3d 630, 643 (Pa. Super. 2013). Husband's only argument against the trial court's attorney fee award is that his conduct was not obdurate, vexatious, or in bad faith as is required for an attorney fee award in a civil action. As noted above, however, this was a contempt proceeding and not a civil action. It is well-settled that "[a]ttorney fees may be assessed as a sanction for the contemnor's refusal to comply with a court [o]rder, causing the innocent party to incur fees in an effort to obtain what was rightfully h[ers]." *Harcar v. Harcar*, 982 A.2d 1230, 1234 (Pa. Super. 2009) (citation omitted); *P.H.D. v. R.R.D.*, 56 A.3d 702, 708 (Pa. Super. 2012), *citing Rhoades v. Pryce*, 874 A.2d 148, 151–152 (Pa. Super. 2005). Thus, Wife was not required to prove Husband's conduct was obdurate, vexatious, or in bad faith in order to receive attorney fees. Accordingly, we find no abuse of discretion in the trial court's award of attorney fees.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016

- 7 -