J-A13004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DORIAN PETERSON, | |
| Appellant | No. 924 WDA 2015 |

Appeal from the Judgment of Sentence of May 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001812-2008

BEFORE:  OLSON, STABILE AND MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 09, 2016**

Appellant, Dorian Peterson, appeals from the judgment of sentence entered on May 14, 2015.  We vacate the judgment of sentence.

As our resolution is based upon the procedural posture of this case, we focus on the relevant procedural history.  On November 4, 2009, Appellant was convicted of, *inter alia*, first-degree murder and attempted murder; crimes he committed while he was a juvenile.  On February 1, 2010, Appellant was sentenced to a mandatory term of life imprisonment on the first-degree murder charge and a consecutive 10 to 20 years' imprisonment on the attempted murder charge.  After this Court affirmed Appellant's judgment of sentence, the Supreme Court of the United States declared that mandatory life imprisonment for juveniles violates the Eighth Amendment. ***Miller v. Alabama***, 132 S.Ct. 2455 (2012).  Our Supreme Court thereafter

granted Appellant's petition for allowance of appeal solely on the question relating to the legality of Appellant's first-degree murder sentence, vacated the first-degree murder sentence, and remanded for re-sentencing. **Commonwealth v. Peterson**, 67 A.3d 789 (Pa. 2013) (*per curiam*).

Upon remand, the trial court sentenced Appellant to 40 years to life imprisonment on the first-degree murder charge and ordered that Appellant's attempted murder sentence run consecutively to his first-degree murder sentence. This timely appeal followed.

Appellant, the Commonwealth, and the trial court now agree that the trial court lacked jurisdiction to order Appellant's attempted murder sentence to run consecutively to his first-degree murder sentence. The trial court's jurisdiction is a question of law, therefore our standard of review is *de novo* and our scope of review is plenary. **Annechino v. Joire**, 946 A.2d 121, 123 n.3 (Pa. Super. 2008) (citation omitted).

In this case, Appellant's petition for allowance of appeal with respect to his attempted murder conviction was denied. As such, the trial court lacked jurisdiction to re-sentence Appellant on the attempted murder conviction. **See** 42 Pa.C.S.A. § 5505; **cf. Commonwealth v. Sepulveda**, 2016 WL 4273590, *6-7 (Pa. Aug. 15, 2016) (citations omitted) (courts lack authority to expand our Supreme Court's remand order); **Graziani v.**

***Randolph***, 887 A.2d 1244, 1248 (Pa. Super. 2005) (citations omitted) (same).[1]

> Pursuant to Pennsylvania Rule of Criminal Procedure 705(B),
>
> when a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentences shall run concurrently or consecutively.  If the sentence is to run concurrently, the sentence shall commence from the date of imposition unless otherwise ordered by the judge.

Pa.R.Crim.P. 705(B).  Our Supreme Court interpreted the predecessor to Rule 705 to prohibit a trial court from ordering a sentence previously imposed to run consecutively to a sentence it is imposing.  ***Commonwealth v. Holz***, 397 A.2d 407, 408 (Pa. 1979).  That is exactly what occurred in this case.  The trial court ordered Appellant's attempted murder sentence, imposed in 2010, to run consecutively to his first-degree murder sentence,

---

[1] As the Commonwealth notes, our Supreme Court could have determined that vacating Appellant's first-degree murder sentence upset the overall sentencing scheme.  Therefore, it could have also vacated Appellant's attempted murder sentence and remanded for re-sentencing on both charges.  Our Supreme Court, however, chose not to utilize that option.

Our learned colleague cites ***Commonwealth v. Bartrug***, 732 A.2d 1287 (Pa. Super. 1999), *appeal denied*, 747 A.2d 896 (Pa. 1999), for the proposition that an appellate court must determine that vacatur of one sentence in a multi-count case upsets the overall sentencing scheme.  This Court, however, has often held that vacatur does not *ipso facto* upset the overall sentencing scheme.  ***E.g., Commonwealth v. Lomax***, 8 A.3d 1264, 1268 (Pa. Super. 2010); ***Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa. Super. 2006), *appeal denied*, 946 A.2d 687 (Pa. 2008).  When the appellate court determines that it does not upset the overall sentencing scheme, as was done in this case, the trial court lacks jurisdiction to re-sentence the defendant on the remaining counts.

imposed in 2015. Thus, the trial court effectively re-sentenced Appellant for his attempted murder conviction, which it lacked jurisdiction to do.

As the trial court lacked jurisdiction to re-sentence Appellant on the attempted murder conviction, we vacate the May 14, 2015 sentence for attempted murder. This vacatur re-instates the February 1, 2010 sentence for attempted murder. This vacatur also requires that Appellant's sentence for first-degree murder imposed on May 14, 2015 run concurrently with his sentence for attempted murder.

Judgment of sentence vacated. Jurisdiction relinquished.

Musmanno, J., joins this memorandum.

Stabile, J., files a dissenting memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016