J-S33018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARY TOMASSETTI, EXECUTRIX | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT J. SUAREZ, JR., CHRISTINE | : | |
| COLLINS SHUBERT, BANKRUPTCY | : | |
| TRUSTEE OF THE BANKRUPTCY | : | |
| ESTATE OF ROBERT J. SUAREZ | : | |
| | : | |
| Appellees | : | No. 1004 EDA 2022 |

Appeal from the Order Entered March 31, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  D08068485

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRAURY 22, 2023**

Appellant, Mary Tomassetti, executrix of the estate of Patricia Ann Suarez, appeals from the order entered in the Philadelphia County Court of Common Pleas, which imposed sanctions after the court found Appellant in contempt of a prior order.[1]  We affirm.

The trial court opinion set forth the relevant facts and procedural history

---

[1] "[C]ivil contempt orders imposing sanctions generally constitute final, appealable orders."  **Stahl v. Redcay**, 897 A.2d 478, 487 (Pa.Super. 2006), *appeal denied*, 591 Pa. 704, 918 A.2d 747 (2007).  "[F]or a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and no further court order be required before the sanctions take effect."  **Id.** (quoting **Rhoades v. Pryce**, 874 A.2d 148, 151 (Pa.Super. 2005) (*en banc*), *appeal denied*, 587 Pa. 724, 899 A.2d 1124 (2006)).

of this appeal as follows:

> The original parties in this action, Patricia Ann Suarez ("Wife") and Robert J. Suarez, Jr. ("Appellee" or "Husband"), were divorced by a decree entered on October 21, 2013, the same day on which Wife died after an illness. The matter of equitable distribution of marital property was bifurcated from the decree in divorce. Husband had filed a bankruptcy action in the United States Bankruptcy Court for the Eastern District of Pennsylvania, and Christine Collins Shubert, as trustee of Husband's bankruptcy estate, is an additional defendant ("Appellee" or "Bankruptcy Trustee"). Thereafter, Appellant, Wife's sister and executrix of Wife's estate, was substituted as Plaintiff.
>
> The court entered a final order on July 15, 2019, resolving the claims for equitable distribution and counsel fees. As provided in the equitable distribution order at paragraph No. 31 J, Wife's estate was awarded a 100% interest in real property located at 3725 Ronnald Drive, Philadelphia, Pa., contingent upon payment to Appellee(s) of $90,000 within 120 days of the entry of the order. It further provided that if Wife's estate failed to pay Appellee(s) $90,000 within 120 days of the entry of the order, the property at 3725 Ronnald Drive would be listed for immediate sale. The net profit from the sale would be split evenly between Appellant and Appellees.[2]
>
>> [2] The final order of July 15, 2019 also disposed of all other items of marital property. The net effect of the disposition of the other assets was for Appellant to pay Appellee(s) $75,549.22.
>
> Husband filed an appeal from the order (No. 2333 EDA 2019), and Appellant filed a cross-appeal (No. 2617 EDA 2019). The Superior Court discontinued Appellant's appeal pursuant to her *praecipe* for discontinuance on January 2[9], 2020. The Superior Court dismissed *sua sponte* Husband's appeal on June 16, 2020, for failure to file a brief.
>
> Litigation at the trial court level recommenced on July 30, 2020, with the filing of a motion for contempt by the Bankruptcy Trustee. Appellant filed an answer thereto on August 31, 2020. On December 29, 2020, Appellant filed a

motion to enforce the July 15, 2019 order, and the Bankruptcy Trustee filed an answer to that motion on January 25, 2021. These motions were resolved by the court in an order entered on April 16, 2021.

The order entered April 16, 2021, provided verbatim:

Motion for contempt and to enforce distribution of assets filed on 7/30/20 by … bankruptcy trustee … and petition to enforce court decision of 7/15/19 filed on 12/29/20 by [Appellant] are resolved as follows:

The order of 7/15/19 shall be complied with in all respects, specifically, [Appellant] shall have 100% interest in real property at 3725 Ronnald Drive, Philadelphia, Pennsylvania contingent upon payments to [Appellees] of $90,000 within 120 days of the entry of this order. If [Appellant] fails to pay [Appellees] $90,000 within 120 days of the entry of this order, the property at 3725 Ronnald Drive, Philadelphia, Pennsylvania shall be listed for immediate sale. Upon sale of the property, the net profit shall be split evenly between [Appellant] and [Appellees] on a 50-50 basis.

[Appellees] shall have 100% interest in real property at 11733 Waldemere Drive, Philadelphia, Pennsylvania.

[Appellees] shall have 100% interest in real property at 5 Oneida Trail, Albrightsville, Pennsylvania.

On May 24, 2021, Appellant filed a petition for special relief seeking reconsideration or clarification of the April 16th order. This petition was denied on May 26, 2021, without a hearing.

\* \* \*

On June 23, 2021, a motion for contempt and for distribution of assets was filed by the Bankruptcy Trustee. Appellant filed an answer thereto on July 15, 2021. After a hearing on August 4, 2021, the court entered the following order, verbatim:

- 3 -

> Motion for contempt and to enforce distribution of assets filed by the [bankruptcy trustee] on June 23, 2021 is resolved as follows:
>
> Parties shall comply with the order of 7/15/19 in all respects. If parties do not comply by 9/24/21, the bankruptcy trustee … shall have the property located at 3725 Ronnald Drive, Philadelphia, PA, listed for immediate sale.
>
> Counsel fees in the amount of $10,000.00 are awarded to Attorney, Robert Seitzer, Esquire, payable to … bankruptcy trustee by 8/31/21.
>
> Counsel fees in the amount of $5,000.00 are awarded to Attorney, Lawrence Abel, Esquire, payable to … bankruptcy trustee by 8/31/21.

On September 7, 2021, Appellant filed a second petition to enforce the July 15, 2019 order. Also on September 7, 2021, Appellant filed an appeal to Superior Court from the order of August 4, 2021 (No. 1789 EDA 2021). Once again, Appellant filed a *praecipe* for discontinuance, and the Superior Court discontinued Appellant's appeal on October 15, 2021.

In the meantime, Appellant had filed a petition for special relief with the trial court on September 24, 2021, seeking to compel the Bankruptcy Trustee's compliance with the orders of July 15, 2019 and August 4, 2021, and to extend the date to obtain compliance of these orders from September 24, 2021 to November 24, 2021. The Bankruptcy Trustee filed an answer on October 20, 2021. On November 2, 2021, the Bankruptcy Trustee filed a petition for contempt against Appellant, to which Appellant filed an answer with new matter on December 2, 2021. The Bankruptcy Trustee filed an emergency motion to compel Appellant to provide proof of insurance for the property at issue on December 9, 2021, and Appellant answered and made a counterclaim on January 10, 2022.

On December 6, 2021, and on December 10, 2021, the court issued rules returnable for hearing on January 14,

2022. After that hearing, the court entered an order subject to [a separate and pending appeal] at Docket No. 431 EDA 2022.

### Order entered January 14, 2022

The order of January 14, 2022, provided, verbatim:

> The property located at 3725 Ronnald Drive, Philadelphia, PA shall be listed for sale forthwith.
>
> The trustee in bankruptcy has the sole authority to execute the sale of the property.
>
> The trustee shall choose the realtor and notify [Appellant] with the full contact information of the realtor.
>
> [Appellant] shall provide the trustee with keys to the property by 3:00 p.m. on 1/18/22.
>
> [Appellant] shall add [Appellees] as additional insureds to the insurance policy covering the property.
>
> [Appellant] shall provide evidence that the insurance policy is in full force to the trustee by 3:00 p.m. by 1/20/22. This insurance policy shall be in full force until the sale of the property.
>
> The lien in the amount of $13,297.42 held by Discover Banks shall be paid by the trustee.
>
> The amount of $75,549.22 plus interest in the amount of $11,332.38 shall be paid to the trustee by 3:00 p.m. on 1/18/22.
>
> Counsel fees as set forth in the order of 8/4/21 shall be paid today. Interest in the amount of $324.75 shall be paid today.

\* \* \*

On January 2[1], 2022, the Bankruptcy Trustee filed

> another emergency contempt motion against Appellant,
> alleging that she failed to provide keys to the Ronnald Drive
> property, that she failed to comply with the insurance
> provision, that she failed to pay per the July 15, 2019 order,
> and that she failed to pay counsel fees per the August 4,
> 2021 order and the January 14, 2022 order. On January
> 26, 2022, the court issued a rule to show cause to address
> the Bankruptcy Trustee's contempt motion and set a hearing
> date for March 16, 2022. On March 15, 2022, Appellant filed
> an answer to the pending emergency contempt motion.

(Trial Court Opinion, filed 6/21/22, at 2-7) (internal record citations and some footnotes and emphasis omitted).

The court conducted an evidentiary hearing on March 16, 2022. Immediately following the hearing, the court entered an order finding Appellant in contempt of the January 14, 2022 order. Specifically, the court noted that Appellant failed to: 1) provide the trustee with the keys to the property; 2) make the required payment of $75,549.22 plus interest; and 3) failed to pay counsel fees as directed.[2] The court relisted the matter for a hearing to determine Appellant's ability to pay a monetary sanction for contempt. After the next hearing on March 31, 2022, the court ordered Appellant to pay counsel fees to the trustee in amount of $17,500.00. The court also sentenced Appellant to sixty (60) days in prison with a purge factor

---

[2] The order also stated that Appellant finally provided the keys to the property to the trustee's attorney "at the bar of the court today." (Order, filed 3/16/22, at 1).

of $53,208.08.[3]

Appellant timely filed a notice of appeal on April 14, 2022. On April 19, 2022, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed her Rule 1925(b) statement on May 10, 2022.

Appellant now raises one issue on appeal:

> Did the Family Court commit legal error by ordering [Appellant] to pay funds, in excess of the funds belonging to the Estate, then holding her in contempt for failing to pay, and incarcerating her until all liquid funds of the estate were paid to the Trustee in bankruptcy?

(Appellant's Brief at 3).

Appellant acknowledges that the January 14, 2022 order required her to make certain payments to the trustee. Appellant insists, however, that her fiduciary obligations to the estate prevented her from simply writing a check to satisfy the court's directives. Appellant argues that she needed to file a petition for adjudication and accounting in the Orphans' Court before she could comply with the January 14th order. Appellant relies on 20 Pa.C.S.A. § 711 for the proposition that matters related to the administration of an estate are within the mandatory jurisdiction of Orphans' Court. To the extent that the trustee has pursued the sale of the property in the family court division,

---

[3] Although sheriffs took Appellant into custody following the March 31st hearing, the court observed that Appellant paid the purge factor amount "[w]ithin the span of approximately two hours." (Trial Court Opinion at 8).

Appellant maintains that "the trustee has attempted an end run around Pennsylvania estate law." (*Id.* at 10). Based upon the foregoing, Appellant concludes that the court lacked jurisdiction to find her in contempt and impose sanctions. We disagree.

"It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*. Our standard of review is *de novo*, and our scope of review is plenary." ***In re Estate of Ciuccarelli***, 81 A.3d 953, 958 (Pa.Super. 2013) (internal citations and quotation marks omitted). "The assessment of 'whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.'" ***Assouline v. Reynolds***, 656 Pa. 133, 144, 219 A.3d 1131, 1137 (2019) (quoting ***Beneficial Consumer Discount Co. v. Vukman***, 621 Pa. 192, 197-98, 77 A.3d 547, 550 (2013)).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case…. Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.

***Estate of Ciuccarelli, supra*** at 958 (quoting ***Aronson v. Sprint Spectrum, L.P.***, 767 A.2d 564, 568 (Pa.Super. 2001)).

The jurisdiction of Orphans' Court is governed by statute, in pertinent part, as follows:

> **§ 711.  Mandatory exercise of jurisdiction through orphans' court division in general**
>
> Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
> > **(1)  Decedents' estates.—**The administration and distribution of the real and personal property of decedents' estates and the control of the decedent's burial.
>
> > \*    \*    \*
>
> **§ 712.  Nonmandatory exercise of jurisdiction through orphans' court division**
>
> The jurisdiction of the court of common pleas over the following may be exercised through either its orphans' court division or other appropriate division:
>
> > \*    \*    \*
>
> > **(3)  Other matters.—**The disposition of any case where there are substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section.

20 Pa.C.S.A. §§ 711(1), 712(3).

Instantly, the genesis of the underlying litigation was the parties' divorce action, and the January 14, 2022 order effectively attempted to settle matters related to equitable distribution.  Such disputes are not statutorily enumerated issues that must be adjudicated in Orphans' Court.  ***See generally*** 20

Pa.C.S.A. § 711. Rather, the Divorce Code specifically provides family courts with original and continuing jurisdiction over matters pertaining to divorce and the determination and disposition of property rights and interests between spouses. **See** 23 Pa.C.S.A. § 3104(a)(1). **See also Annechino v. Joire**, 946 A.2d 121, 122 (Pa.Super. 2008) (explaining that legislature has provided that almost all matters involving family law issues should be heard under Divorce Code, which would be in family court division of those courts having separate divisions).

> If one of the parties dies after the decree of divorce has been entered, but prior to the final determination in such proceeding of the property rights and interests of the parties under this part, the personal representative of the deceased party shall be substituted as a party as provided by law and the action shall proceed.

23 Pa.C.S.A. § 3323(d). Further, the Divorce Code permits a court to "order and direct the transfer or sale of any property required in order to comply with the court's order[.]" 23 Pa.C.S.A. § 3502(e)(4).

In analyzing these statutes, the trial court found that the "Orphans' Court does not have mandatory jurisdiction of this divorce matter as divorce cases are not enumerated in Section 711." (Trial Court Opinion at 14). We agree that the instant case, which involved an intersection between divorce and estate matters, amounted to a situation where the Orphans' Court's jurisdiction was "nonmandatory" under Section 712. **See Mark Hershey Farms, Inc. v. Robinson**, 171 A.3d 810 (Pa.Super. 2017) (stating trial court properly exercised subject matter jurisdiction over claim against executor

where complaint was based upon breach of contract and did not directly raise issues regarding administration of an estate); ***Estate of Harmon v. Harmon***, 229 A.3d 377 (Pa.Super. 2020) (unpublished memorandum)[4] (holding trial court acted within its discretion in declining to transfer case to Orphans' Court where case concerned both administration of estate and enforcement of contractual terms incorporated into parties' divorce decree). We conclude that the trial court possessed subject matter jurisdiction over the controversy at issue. ***See Assouline, supra***; ***Estate of Ciuccarelli, supra***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023

---

[4] ***See also*** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions filed in this Court after May 1, 2019 for their persuasive value).