J-S41003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

MICHEL CHALHOUB

        v.

GHADA CHALHOUB

        Appellant

:   IN THE SUPERIOR COURT OF
:       PENNSYLVANIA
:
:
:
:
:
:
:
:
:   No. 1364 EDA 2024

Appeal from the Order Entered April 18, 2024
In the Court of Common Pleas of Pike County Civil Division at No(s):
2022-01009

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:        **FILED NOVEMBER 19, 2024**

In this divorce action, Ghada Chalhoub (Appellant) appeals from the order granting Michel Chalhoub's (Husband) petition for exclusive possession of the parties' marital residence.  We affirm.

The trial court summarized the factual and procedural background:

> On September 16, 2022, [Husband] filed for divorce from [Appellant,] his wife of more than twenty years, … pursuant to Sections 3301(c) and 3301(d) of the Divorce Code.  [**See** 23 Pa.C.S.A. § 3301(c)-(d) (providing grounds for divorce include mutual consent and irretrievable breakdown).]  Count 2 of [Husband's] complaint requested equitable distribution of all marital assets.  On November 10, 2022, [Appellant] filed an answer and counterclaim.  On June 26, 2023, a divorce master was appointed to oversee the division of marital assets.  In November 2023, prior to the hearing with the divorce master, [Appellant's counsel] was granted leave to withdraw from the case.[1]  By January 2, 2024, the parties [had] filed all documents

---

[1] Appellant retained new counsel by January 10, 2024.  **See** Petition for Reconsideration, 3/18/24, ¶¶ 3-8.

necessary for the [trial] court to grant divorce, including [an October 5, 2023,] Property Settlement Agreement signed by the parties ("Agreement"). On January 23, 2024, a divorce decree was issued which incorporated the Agreement.

On March 4, 2024, [Husband] filed a Petition for Exclusive Possession of the marital residence … located at 121 Hartman Hill Road, Milford, Pennsylvania 18337 ("property")[. The petition averred that Husband] is the sole owner of the property, that [Appellant] continued to reside there even after the divorce decree was issued, and that [Appellant] has continued to be disruptive to the normal function of [Husband's] household[. The household] includes the parties' three children [(aged 19, 18, and 14)]. On March 6, 2024, [Appellant] filed a Petition to Vacate the Divorce Decree, alleging that several improprieties led to the filing of an improper Property Settlement Agreement. On March 8, 2024, [the trial court] denied the Petition to Vacate, but scheduled a hearing on [Husband's] Petition [for Exclusive Possession. On March 18, 2024, Appellant filed a Petition for Reconsideration of the March 8, 2024, order.]

On April 3, 2024, a hearing was held …[;] both parties appeared and were represented by counsel. On April 18, 2024, [the trial court] issued an order granting [Husband's] Petition for Exclusive Possession and denying [Appellant's] request for reconsideration of [the] January 23, 2024, divorce decree and March 8, 2024, [order] denying Appellant's Petition to Vacate.

Trial Court Opinion, 7/12/24, at 1-2 (some capitalization modified; footnote added).

Appellant filed a timely appeal from the April 18, 2024, order. Appellant subsequently filed a docketing statement which purported to challenge not only the April 18, 2024, order, but also the January 23, 2024, divorce decree and the March 8, 2024, order denying Appellant's petition to vacate the divorce decree.

On May 30, 2024, this Court entered an order observing that we do "not appear to have jurisdiction over the January 23rd or the March 8th order." Order, 5/30/24. We noted that the January 23rd order was a final, appealable order, and Appellant failed to file a timely appeal from it. Rather, on March 6, 2024, Appellant filed an untimely petition to vacate the January 23rd order. Because the petition to vacate was untimely, the trial court lacked jurisdiction to consider it, and the March 8th order denying the petition "appears to be a legal nullity…." *Id.* (citing 42 Pa.C.S.A. § 5505 (the trial court has thirty days in which to modify or rescind a final order if no appeal has been taken)). We directed Appellant to respond regarding this Court's jurisdiction over the January 23rd and March 8th orders.

Appellant filed a response asserting, *inter alia*, that the trial court's April 18th order denied Appellant's request for reconsideration of the January 23rd and March 8th orders. On June 3, 2024, we entered an order observing that "an appeal does not lie from an order denying reconsideration[,] but must be taken from the underlying order." Order, 6/3/24 (citing ***Commonwealth v. Moir***, 766 A.2d 1253 (Pa. Super. 2000)). We directed Appellant to show cause why the portion of her appeal purporting to challenge the January 23rd and March 8th orders should not be quashed or dismissed. Appellant filed a response to the show-cause order on June 4, 2024.

On June 6, 2024, we determined "Appellant's responses were insufficient to establish this Court's jurisdiction over the January 23rd order,

[the] March 8th order, and [the] portion of the April 18th order that denied reconsideration of the January 23rd order and March 8th order." Order, 6/6/24. We observed that "only the portion of the April 18th order [granting Husband] exclusive possession of the … [p]roperty appears [to be] appealable." *Id.* Therefore, we concluded "[t]his appeal shall proceed solely on the portion of the April 18th order that granted [Husband] exclusive possession" of the property. *Id.* (emphasis omitted).

Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents a single question for our review: "Did the trial court err in granting [Husband's] Petition for Exclusive Possession?" Appellant's Brief at 6.

Appellant argues the trial court's grant of exclusive possession "did not protect the interests of [Appellant] as equity and justice require, pursuant to 23 Pa.C.S.A. § 3323(f)." Appellant's Brief at 8. Section 3323(f) provides:

> **(f) Equity power and jurisdiction of the court.**--In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this part and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

23 Pa.C.S.A. § 3323(f). Appellant notes Section 3323(f)

> is a catch-all provision, granting not only broad enforcement powers, but full equity jurisdiction to issue orders necessary to protect the interests of the parties and effectuate economic justice and insure the fair and just settlement of the parties' property rights.

Appellant's Brief at 10 (quoting **Annechino v. Joire**, 946 A.2d 121, 124 (Pa. Super. 2008)).

In support of her equity argument, Appellant points to her April 3, 2024, hearing testimony that she paid the electric bill for the property, paid for furnace repairs, and performed house cleaning and meal preparation. **Id.** at 11. She also highlights her testimony that she denied signing the Agreement and had requested the divorce be put on hold. **Id.** In light of this testimony, Appellant argues, equity and justice required the trial court to deny Husband's petition for exclusive possession. **Id.**

Husband counters that he is the sole owner of the property and has the right to determine who lives there. Husband's Brief at 3. Husband notes he acquired the property during the parties' marriage solely in his name. **Id.** at 1; **see also** N.T., 4/3/24, Husband's Exhibit 1 (December 12, 2007, deed to the property identifying the sole grantee as "*MICHEL CHALHOUB, a married man*…."). Husband further notes the Agreement provides, in relevant part, as follows:

> **The parties agree to waive, absolutely, perpetually and forever, any and all claims that they may have for equitable distribution regarding any property, real, personal, tangible or intangible acquired during the marriage**, or any increase in value thereof, notwithstanding in whose name the said property is titled or owned[,] by virtue of which **the real, personal, tangible or intangible property in each party's name shall be their sole and exclusive property, subject to no claim of any nature whatsoever by the other party**, including any claim to an increase in value thereof.

Husband's Brief at 1 (quoting Agreement, 10/5/23, ¶ 2) (emphasis added). Husband asserts the Agreement was incorporated into the January 23, 2024, divorce decree and was enforceable against both parties. *Id.* at 5-6. Husband argues Appellant therefore had no interest in the property warranting the protection of the trial court's Section 3323(f) equity power. *Id.* at 6.

> Our standard of review in assessing the propriety of a marital property distribution is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence.

*Mundy v. Mundy*, 151 A.3d 230, 235-36 (Pa. Super. 2016) (citation omitted).

In its opinion, the trial court determined the "deed clearly and unambiguously indicates that [Husband] is the sole legal owner of the property." Trial Court Opinion, 7/12/24, at 4. The trial court further determined "the Agreement clearly states that the parties waive all claims for equitable distribution of the property...." *Id.* Because "the Agreement was accepted and incorporated into the divorce decree, and [Husband] is the sole

owner of the property," the trial court concluded it "had no choice but to grant [Husband's] request for exclusive possession of the property." *Id.*[2, 3]

We agree with the trial court's reasoning. As the Agreement divested Appellant of any equitable interest in the property, she cannot commandeer the trial court's equity power to retain possession. We discern no error or abuse of discretion in the trial court's decision to grant Husband's petition for exclusive possession. Accordingly, Appellant's issue merits no relief.

Order affirmed.

_____

[2] The trial court's opinion "acknowledge[d] Appellant's attempts to challenge the veracity of the Agreement," but did not address that challenge because the divorce decree is not under review in the instant appeal. Trial Court Opinion, 7/12/24, at 4. In its April 18, 2024, order, the trial court found "that the testimony and evidence presented indicates that [Appellant] voluntarily signed the … Agreement." Order, 4/18/24, at 2.

[3] The trial court also found that

> Appellant consistently and regularly harasses, verbally abuses, and intimidates [Husband.] … Appellant's outbursts regularly occur overnight, and consistently prevent the [parties'] children from sleeping through the night. The testimony of one of the parties' children substantiates [Husband's] testimony by indicating that Appellant consistently creates an atmosphere of conflict, and that [Appellant's] constant outbursts occur at all hours…. [The trial court found] that the health of the parties, the tension and emotional trauma occurring in the household, the protection of the children in the home, and [Husband's] sole deeded ownership of the property all supported awarding exclusive possession to [Husband].

Trial Court Opinion, 7/12/24, at 5.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/19/2024